UNITED STATES COURT OF APPEALS

**Filed 7/26/96**

FOR THE TENTH CIRCUIT

JOHN T. WADFORD,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

     Defendant-Appellee.

No. 95-7147
(D.C. No. CV-94-585-S)
(E.D. Okla. )

ORDER AND JUDGMENT[**]

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. Proc. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before TACHA, ALDISERT,[***] and BALDOCK, Circuit Judges.[****]

---

Plaintiff John T. Wadford appeals from a district court order affirming the Secretary's denial of social security disability insurance benefits and supplemental security income. We carefully examine the record to determine whether the Secretary's decision is supported by substantial evidence and adheres to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). As with any other appeal, however, the scope of our review is delimited by the issues preserved and presented by the appellant. See Murrell v. Shalala, 43 F.3d 1388, 1389-90 & n.2 (10th Cir. 1994); Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994). For the reasons explained below, we reverse and remand for further proceedings on the sole issue properly before us.

Plaintiff applied for benefits alleging a combination of physical and mental impairments, including back pain, memory problems, vision and hearing deficits, and loss of strength and dexterity in his right hand associated with a gunshot wound and a history of transient ischemic attacks. The ALJ acknowledged

---

[***] Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[****] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

-2-

plaintiff cannot return to his past work as a truck driver, but determined he nevertheless retains the capacity to perform the full range of light work, and, accordingly, found him not disabled at step five under the medical-vocational guidelines (grids).[1]  See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(explaining five-step analysis in detail).

Plaintiff argues his right hand is capable only of gross motor function and, therefore, the ALJ's reliance on the grids was improper.  Plaintiff's factual premise and legal conclusion are both correct.  Every pertinent medical report indicates plaintiff cannot perform fine manipulations with his right hand.  See II R. 107, 126, 176-77, 180.  Indeed, the most detailed of these reports goes on to note he is unable even to "effectively grasp tools such as a hammer."  Id. at 177.  As for the law, this court repeatedly has held that significant nonexertional impairments, which include manipulative limitations, Trimiar v. Sullivan, 966 F.2d 1326, 1333 (10th Cir. 1992); 20 C.F.R. §§ 404.1569a(c)(1)(vi), 416.969a(c)(1)(vi), preclude conclusive use of the (exertionally defined) grids to deny disability, see, e.g., id.; Thompson v. Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993)("'resort to the grids is particularly inappropriate when evaluating

_____

[1]     The ALJ also discussed the testimony of a vocational expert, but did not rely on it for his disposition.  In any event, the Secretary concedes "that if this Court finds that appellant has . . . restrictions which would [preclude reliance on the grids], then the case must be remanded in light of the inaudible and non-transcribed testimony of the vocational expert."  Brief for Appellee at 11.

nonexertional limitations'")(quoting Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir. 1991)).

Of course, "[t]he mere presence of a nonexertional impairment does not preclude reliance on the grids[;] [it] must interfere with the ability to do work." Thompson, 987 F.2d at 1488 (citations omitted).  Thus, the Secretary may still use the grids if, despite a nonexertional impairment, "the claimant can perform a substantial majority of the work in the designated RFC category." Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995).  However, this being a step-five question, "the claimant does not bear the burden to prove that h[is] . . . right hand weakness substantially diminish[es] h[is] capacity for a full range of light work on a sustained basis; instead, the Secretary shoulders the burden of showing that the  . . . weakness do[es] not substantially diminish it." Gatson v. Bowen, 838 F.2d 442, 448 (10th Cir. 1988).  Because there is nothing in the record to satisfy the Secretary's burden in this respect, we cannot say the ALJ's grid-based decision is supported by the requisite substantial evidence.  See Thompson, 987 F.2d at 1491 (Secretary's step-five burden is not satisfied by evidentiary omission:  "The absence of evidence is not [substantial] evidence.").

The Secretary urges us to adopt a categorical rule permitting use of the grids for light work when the claimant's nonexertional limitation involves dexterity, citing "the fact that most jobs in the full or wide range of light work

only involve gross manipulative abilities and <u>do not</u> require extensive fine finger manipulative ability." Brief for Appellee at 12. This crucial vocational "fact" has never been demonstrated in these proceedings. Instead, the Secretary relies on a generalized reference to Social Security Ruling (SSR) 83-10, presumably for the statement that "[unskilled light jobs] generally do not require use of the fingers for fine activities to the extent required in much sedentary work." 1983 WL 31251 at *6. However, since "[m]ost unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions," <u>id.</u> at *5 (emphasis added), SSR 83-10 implies only that dexterity is necessary for some "fewer-than-most" light jobs. This is obviously not the same thing as saying that most light jobs do not require dexterity, as the Secretary appears to suggest.[2]

In essence, the Secretary is asking this court to accept, and thereby judicially sanction, an unsubstantiated empirical generalization about the nature and demands of light work in the national economy. Such a request misconceives our institutional role in these proceedings. Assuming investigation of the relevant facts and consideration of the operative policies would counsel adoption of the categorical rule advocated by the Secretary, that is something for Congress to

---

[2]    Indeed, several decisions of this court presuppose, without any reservation, the potential significance of manipulative limitations in the light-RFC context. <u>See, e.g.</u>, <u>Evans</u>, 55 F.3d at 531-32; <u>Trimiar</u>, 966 F.2d at 1330, 1333; <u>Gatson</u>, 838 F.2d at 446-48.

establish by legislation and/or the Secretary to effect by formal regulation or ruling. Unless and until such legislative/administrative action is taken, this court may not simply presume that a particular nonexertional impairment is vocationally insignificant without a substantial evidentiary basis in the record.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the cause is REMANDED to the district court with directions to remand, in turn, to the Commissioner for further proceedings consistent herewith.

Entered for the Court

Bobby R. Baldock
Circuit Judge