UNITED STATES COURT OF APPEALS
**Filed 7/29/96**
FOR THE TENTH CIRCUIT

MARY LOU SMITH,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,*

     Defendant-Appellee.

No. 95-6329
(D.C. No. CIV-94-133-T)
(W.D. Okla.)

ORDER AND JUDGMENT**

Before TACHA, ALDISERT,*** and BALDOCK, Circuit Judges.

---

*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

**     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

***     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Mary Lou Smith appeals from the district court's order affirming the decision of the Secretary of Health & Human Services to deny her disability and supplemental income benefits under the Social Security Act.  Claimant applied for benefits in July of 1991, alleging disability as a result of impairments in her legs, hips and feet.  Her requests for benefits were denied administratively and upon reconsideration.

A hearing before an administrative law judge (ALJ) was held in October of 1992, at which claimant proceeded pro se.  The ALJ issued a decision concluding that claimant was not disabled.  Agency regulations establish a five-step sequential analysis to evaluate disability claims.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir 1988)(describing five steps in detail).  Here, the ALJ reached step four, determining that claimant could return to her past relevant work.  Alternatively, the ALJ concluded claimant could perform other jobs existing in significant numbers in the national economy.

The Appeals Council denied review, and claimant filed suit in federal district court.  That court, based on a magistrate judge's report and

recommendation, affirmed the agency's denial of benefits. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that 1) the ALJ failed to develop the record under the heightened standard applicable to pro se claimants, 2) the ALJ failed to develop testimony by the vocational expert (VE), and 3) her waiver of counsel at the hearing was ineffective. Although these issues were raised before the district court, many of the arguments claimant raises on appeal in support of these contentions were not presented below. Accordingly, we decline to consider those arguments.[1] See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994); see also Toledo v. Nobel-Sysco, Inc., 892 F.2d 1481, 1494 n.7 (10th Cir. 1989)(theories

---

[1] Claimant contends, for the first time on appeal, that 1) the medical record was not fully developed as to the twelve months prior to claimant's application, 2) the ALJ failed to consider Dr. Miller's report dated August of 1990, 3) the ALJ's credibility determination was not supported or explained, 4) the VE improperly classified both claimant's past relevant work and the other jobs listed that claimant could perform, 5) the ALJ improperly allowed the VE to make the step four determination, and 6) the ALJ improperly proceeded to an alternative step five analysis. We also note that this last issue is urged despite directly contrary authority from this circuit, see Murrell v. Shalala, 43 F.3d 1388, 1389 (10th Cir. 1994) and therefore, is frivolous.

not presented to the district court will not be considered on appeal), cert. denied, 495 U.S. 948 (1990).

After consideration of the arguments presented to the district court and after careful review of the record on appeal, together with the parties' briefs, we conclude that the district court correctly decided this case.  Therefore, for substantially the reasons set forth in the district court's opinion dated August 22, 1995, and the magistrate judge's report and recommendation dated November 30, 1994, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court


Ruggero J. Aldisert
Circuit Judge