**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LILLIAN FAYE JONES,

       Plaintiff-Appellant,

v.

OKLAHOMA EMPLOYMENT
SECURITY COMMISSION;
RAYMOND GRIFFITH, Program
Chief, individually and as supervisory
employee of the Oklahoma
Employment Security Commission,

       Defendants-Appellees.

No.  97-6440
(D.C. No. CIV-96-2053-R)
(W.D. Okla.)

**ORDER AND JUDGMENT**  *

Before  **BRORBY** , **McKAY** , and **BRISCOE** , Circuit Judges.


      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Lillian Faye Jones appeals the district court's grant of summary judgment in favor of defendants Raymond Griffith and the Oklahoma Employment Security Commission (OESC) on her employment discrimination claims under Title VII, 42 U.S.C. §§ 2000e-2 and 42 U.S.C. § 1981.  Jones, an African-American woman employed by the OESC since 1989, alleged that OESC denied her promotions because of her gender and her race.  In addition, she asserted that she was subjected to a hostile work environment because of inappropriate sexual advances and racial slurs.

The district court found that Jones' claims of sexual harassment and hostile work environment were time barred as she failed to file a timely claim with the EEOC.[1]  The court further determined that Jones did not produce sufficient evidence showing an established policy of sexual harassment such that the time to file her EEOC claim should be tolled.  See Purrington v. University of Utah, 996 F.2d 1025, 1028 (10th Cir. 1993) (proof of continuing violation tolls time for

---

[1]     On appeal, Ms. Jones appears to have abandoned her claims of sexual harassment and hostile work environment.     Therefore, we consider these issues waived.  See Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review).

filing claim).  Finally, the district court granted summary judgment to defendants on Jones' remaining claims, finding that Jones did not present sufficient evidence of discrimination or show that defendant's proffered reasons for its employment decisions were pretextual. [2]  This court exercises jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.  BACKGROUND

Jones had been employed by OESC since July 1, 1989, as a Program Representative III.  In her EEOC charge, Jones alleged that, on July 23, 1993, OESC denied her a promotion to the position of Assistant Program Chief because of her race and gender.  In her district court complaint, she alleged at least five additional instances of race and gender based discrimination in OESC's failure to promote her to other positions. [3]  In their motion for summary judgment,

_____

[2]     In Patterson v. McLean Credit Union   , 491 U.S. 164, 186 (1989), the Supreme Court adopted the    McDonnell Douglas   framework for cases brought under § 1981.    See also   Drake v. City of Fort Collins    , 927 F.2d 1156, 1162 (10th Cir. 1991) (holding that the plaintiff's burden in a § 1981 case is the same as that imposed by Title VII).  Here, the district court dismissed all of Jones' § 1981 claims except two as outside the applicable two year statute of limitations.  The court subsequently determined that summary judgment should be granted on the two surviving claims because, as with her Title VII claims, Jones failed to allege sufficient evidence of pretext.  Jones does not develop an appellate argument challenging the court's decision as to these two claims.        See Murrell , 43 F.3d at 1389 n.2.

[3]     Because Jones did not provide this court with a copy of her district court

(continued...)

defendants claimed that Jones had failed to exhaust her administrative remedies as to these claims. In her response, Jones did not deny defendants' contention. The district court, recognizing its right to find that Jones had conceded these claims, nevertheless considered all but two of Jones' claims to be reasonably related to the claim in her original EEOC complaint, and therefore, properly before the court. See Seymore v. Shawver & Sons., Inc., 111 F.3d 794, 799 (10th Cir.), cert. denied, 118 S. Ct. 342 (1997) (a plaintiff may seek judicial consideration of discrimination claims not identified in EEOC charge if omitted claims are reasonably related to the allegations in the charge).

Although in her statement of facts in her appellate brief Jones refers to the claims not described in her EEOC complaint, her arguments on appeal appear exclusively to relate to her claim of racial discrimination in OESC's failure to promote her to the Assistant Program Chief position. Therefore, we consider her claims relating to the additional alleged failures to promote to be abandoned. See Abercrombie v. City of Catoosa, 896 F.2d 1228, 1231 (10th Cir. 1990) (an issue listed, but not argued in a brief, is waived).

---

[3](...continued)
complaint, we accept the district court's representations as to the nature of Jones' claims.

## II. DISCUSSION

Our review of summary judgment is de novo. See Jensen v. Redevelopment Agency of Sandy City, 998 F.2d 1550, 1555 (10th Cir. 1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe the factual record and all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See Reynolds v. School Dist. No. 1, 69 F.3d 1523, 1531 (10th Cir. 1995). The party opposing summary judgment, however, must identify sufficient evidence that would require submission of the case to a jury. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

Title VII makes it unlawful for an employer to base an employment decision on an individual's race, color, religion, gender, or national origin. See 42 U.S.C. § 2000e-2(a)(1). "The 'factual inquiry' in a Title VII case is '[whether] the defendant intentionally discriminated against the plaintiff.'" United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983) (quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). A plaintiff bears the burden of proving discrimination either by direct

evidence, or more commonly, by indirect evidence considered under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Here, Jones asserts that certain alleged racially derogatory remarks of Wayne Winn, Executive Director of OESC at the time she was denied promotion, and defendant Raymond Griffith, Jones' supervisor until she was transferred in August 1992, were direct evidence of discrimination. Jones alleged that Griffith called her offensive names, made lewd sexual remarks, and treated black people with contempt. She asserted that Winn targeted black people for investigation, and specifically requested an investigation of Jones regarding her working hours. Jones alleged that Winn referred to blacks as "Australians," and "trouble-makers," and indicated that OESC should "get rid of them." Appellant's Br. at 6.

Direct evidence of discrimination is evidence of "an existing policy which itself constitutes discrimination." Ramsey v. City & County of Denver, 907 F.2d 1004, 1008 (10th Cir. 1990). Comments or statements which are merely expressions of personal opinion or bias do not constitute direct evidence of discrimination. See EEOC v. WilTel, Inc., 81 F.3d 1508, 1514 (10th Cir. 1996). For Jones' argument to be considered valid, she must present evidence that Griffith's or Winn's biases influenced the promotion decision. See Ramsey, 907 F.2d at 1008; see also Price Waterhouse v. Hopkins, 490 U.S. 228, 256

-6-

(1989) (plurality opinion) (holding that plaintiff had provided direct evidence through firm's solicited evaluations containing stereotyping comments relied upon in making employment decisions). Here, Jones failed to establish that OESC actually relied on her race or gender in making its promotion decision. See Ramsey , 907 F.2d at 1008. "Abhorrent as [Griffith's and Winn's] private opinions might be, they do not constitute direct evidence of discriminatory *conduct* ." Id. The district court was thus correct to conclude that Jones had not submitted sufficient direct evidence of discrimination. In WilTel , however, this court held that because statements of this nature require the factfinder to infer that discrimination was a motivating cause of an employment decision, they are circumstantial evidence of discriminatory intent. See 81 F.3d at 1514. It is in this context that we consider what Jones characterizes as direct evidence of discrimination.

If, as here, the plaintiff presents circumstantial or indirect evidence, the court applies the burden-shifting analysis of McDonnell Douglas , 411 U.S. at 802-04. In order to establish a prima facie case of discrimination for failure to promote, Jones must prove: (1) she was a member of a protected class; (2) she applied for and was qualified for an available position; (3) she was rejected despite those specific qualifications; and (4) the employer promoted another qualified person who was not a member of the plaintiff's protected class. See id.

at 802. Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate "some legitimate, nondiscriminatory reason for the employee's rejection." Id. If the defendant meets this burden, the presumption of discrimination established in the prima facie case evaporates, and the plaintiff has the burden of showing that defendant's proffered reason was a pretext for illegal discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993).

Here, defendants conceded that Jones had established a prima facie case of discrimination as to the Assistant Program Chief position. The district court then determined that defendants had proffered legitimate nondiscriminatory reasons for its decision not to promote Jones to the position. The district court concluded, however, that Jones failed to show that OESC's reasons for its employment decision were pretext for discriminatory intent. We agree.

The Assistant Program Chief position was created when Michael Ferguson requested that the Office of Personnel Management (OPM) conduct a position audit of the duties he was currently performing. A position audit can be requested if an employee believes his or her job duties are improperly classified. Pursuant to the description of duties submitted to OPM by Ferguson, OPM determined that his duties were those of an Assistant Program Chief, and not of a Program Representative III, his current classification.

Pursuant to OESC's regulations, the new position of Assistant Program Chief was advertised as a vacancy, and Ferguson and Jones were the only two persons who applied for the position. Defendants assert that the person in the Assistant Program Chief position was required to have knowledge of the 1992 amendments to the Job Training Partnership Act (JTPA). They contend that because Ferguson had hands-on experience with the new 1992 amendments and regulations governing the JTPA, while Jones admitted no knowledge of the amendments at all, he was rated higher than Jones in the area of knowledge of the job. In addition, although the two candidates scored the same in experience and interpersonal skills, Ferguson scored higher than Jones in communication ability.

In granting summary judgment in favor of defendants, the district court found that Jones was unable to show that defendants' reasons for choosing Ferguson were pretext for unlawful discrimination. On appeal, we find no reason to disturb this finding. Jones offers no evidence in support of her conclusory allegation that she was "removed from JPTA before the new government regulations went into effect in order to assure that Mr. Ferguson received the position." Appellant's Br. at 18.

Jones also unsuccessfully attempts to link Winn's alleged derogatory comments to OESC's decision not to promote her to the Assistant Program Chief position. Although, on appeal, Jones devotes a considerable portion of her brief

to argue Winn's racial slurs prove that her rejection for the position was based on discriminatory animus, she fails to connect any of Winn's alleged remarks to the decision to award the Assistant Program Chief position to Ferguson. See Price Waterhouse, 490 U.S. at 277 ("statements by decisionmakers unrelated to the decisional process itself, [do not] suffice to satisfy the plaintiff's burden"); Cone v. Longmont United Hosp. Ass'n, 14 F.3d 526, 531 (10th Cir. 1994) (although discriminatory remarks that refer directly to the plaintiff may support an inference of discrimination, the plaintiff must establish a nexus between the allegedly discriminatory remarks and the employment decision); see also United States v. Rodriquez-Aguirre, 108 F.3d 1228, 1238 n.8 (10th Cir.), cert. denied, 118 S. Ct. 132 (1997) (appellant has the responsibility of tying the relevant facts, supported by specific citations to the record, to his legal contentions). Therefore, in the absence of actual evidence, rather than speculation, of a connection between Winn's biases and the decision to promote Ferguson, we conclude that Winn's conduct had no influence on OESC's decision. See Cone, 14 F.3d at 530 (a plaintiff's allegations of pretext, without more, will not defeat summary judgment).

Based on our consideration of the appellate record and Jones' arguments, we conclude that she has not demonstrated that a genuine issue of material fact exists regarding whether OESC's employment decision was based on

discriminatory animus.  The district court did not, therefore, err in granting

summary judgment in favor of defendants.

AFFIRMED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge