**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOAN WILLIAMS-BLAND,

  Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of the Social Security Administration,

  Defendant-Appellee.

No. 98-5246
(D.C. No. 97-CV-358-M)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff applied for disability benefits on October 18, 1994, alleging disability since February 28, 1992, because of severe pain in her back, neck, leg, head, and shoulder. The application was denied initially and upon reconsideration, at which point plaintiff requested a hearing before an administrative law judge (ALJ). The ALJ determined at step four of the sequential analysis that plaintiff was not disabled because she retained the residual functional capacity to perform her past relevant data entry work. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five step analysis). In the alternative, the ALJ found that plaintiff was not disabled at step five because there are a significant number of other jobs she could perform in spite of her limitations. The Appeals Council denied review.

Plaintiff sought further review of the denial of benefits, and the district court affirmed the Commissioner's decision. On appeal, we will affirm the district court judgment if the Commissioner's denial of benefits is supported by substantial evidence and the correct legal standards were applied. *See Kepler v. Chater*, 68 F.3d 387, 388 (10th Cir. 1995).

Plaintiff raises two issues in this appeal, both regarding the ALJ's step four findings. First, she argues that the ALJ applied the wrong legal standard in not accepting the treating physician's opinion that she is disabled. Plaintiff also complains that the ALJ failed to make required findings regarding the demands of

her past relevant data entry work. Plaintiff does not specifically take issue with the ALJ's alternative step five finding, except to object in general to the propriety of the alternative disposition. In her brief, appellant, through her attorney, "questions the propriety of an alternative Step Four/Step Five finding in this case or another Social Security Disability case." Appellant's Br. at 34. We direct plaintiff's attorney's attention to this court's decision in *Murrell v. Shalala*, 43 F.3d 1388, 1389 (10th Cir. 1994), where we specifically rejected the plaintiff's objection to the ALJ's alternative disposition and reaffirmed "our favorable view of such dispositions generally." *Id.* This court does not look favorably on the continued advancement of arguments we have specifically rejected.

As we mentioned, plaintiff does not take issue with the merits of the ALJ's finding of nondisability at step five. Our review of the record reveals substantial evidence supporting the ALJ's alternative disposition, however, and we affirm on that basis. The only argument plaintiff urges on appeal that is relevant to the ALJ's step-five finding of nondisability is that the ALJ's refusal to rely on the treating physician's opinion of disability was error.[2] To the contrary, the record shows that the ALJ applied the correct standard in discounting Dr. Davis' conclusory opinion, unsupported by medical evidence, that plaintiff was totally

---

[2]    Consequently, we do not consider plaintiff's argument that the ALJ failed to make the required findings regarding the demands of her past relevant work because that contention is unique to the ALJ's step-four determination.

disabled. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987). Furthermore, the ALJ complied with the requirement that he "give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." *Goatcher v. United States Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

In sum, we affirm the ALJ's alternative finding that plaintiff is not disabled because there are a significant number of jobs in the regional and national economies that plaintiff can perform, given her limitations. The ALJ did not err in weighing Dr. Davis' opinion, and there is substantial evidence in the record supporting the ALJ's determination of nondisability at step five. AFFIRMED.

Entered for the Court


John C. Porfilio
Senior Circuit Judge
