**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

MADELINE S. EWING,

    Plaintiff - Appellant,

v.

TWA RESTAURANT GROUP, INC.,

    Defendant - Appellee.

No. 09-3071
(D. Kan.)
(D.Ct. No. 2:08-CV-02024-CM)

---

**ORDER AND JUDGMENT**[*]

---

Before **HENRY**, Chief Circuit Judge, **HARTZ**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1. The case is therefore ordered submitted without oral argument.

Madeline Ewing, appearing pro se,[1] appeals from the district court's grant

---

[*] This order and judgment is not binding precedent. 10th Cir. R. 32.1(A). Citation to orders and judgments is not prohibited. Fed. R. App. 32.1. But it is discouraged, except when related to law of the case, issue preclusion or claim preclusion. Any citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). 10th Cir. R. 32.1(A).

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

of summary judgment dismissing her wrongful termination claims against TWA Restaurant Group, Inc. (TWA). Because Ewing presents no issues or argument in her appellate brief, we dismiss her appeal.

## I. BACKGROUND

TWA is a corporation that manages Captain D's restaurants in the Kansas City area. On August 28, 2006, Tyrone Farley, an African-American and General Manager of the Captain D's in Mission, Kansas, hired Ewing as a cashier. Farley terminated Ewing's employment two weeks later because she failed to learn how to operate the cash register or satisfactorily perform other job functions. Without engaging in TWA's internal complaint process, Ewing filed a joint charge of discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission in February 2007, alleging race, sex and age discrimination and retaliation. She filed her complaint with the federal district court in Kansas on January 9, 2008. After she failed to participate in a required case management conference and the court's orders were returned unclaimed, the judge issued a show cause order warning Ewing of her responsibility to actively participate in her case and comply with the court's orders and rules — failure to do so could result in her case being dismissed. Despite Ewing's tardy response, the court gave her another chance to cooperate.

TWA filed a motion for summary judgment on November 17, 2008. The next day, Ewing wrote a letter to the court stating "I want justice. I was pinched

-2-

in the ribs [and] treated differently.  I was fired by the black general manager who did it.  I feel I owe them nothing as I was the victim.  I couldn't believe how dishonest he is." (R. Doc. 54.)  Ewing did not otherwise respond to the pending motion or the court's subsequent order to show cause directing her to file a response by January 26, 2009.  Therefore, the court considered the facts set out by TWA to be uncontroverted.  D. Kan. R. 7.4; Fed. R. Civ. P. 56.  It determined Ewing had failed to establish a prima facie case for her claims and show TWA's reasons for termination were pretext.  The court granted TWA's motion for summary judgment and dismissed Ewing's case.

## II.  DISCUSSION

Ewing's appeal fairs no better than her pleadings in the district court.  Her statement of facts is comprised of the following:  "I was treated very badly and differently by black General Manager at Captain Dee's [sic] Restaurant." (Appellant. Br. at 2.)  Her first issue and argument is comprised solely of the following statement:  "I was treated differently and I want to appeal." (Appellant Br. at 3.)  Her second issue, *in toto*, states:  "I feel I deserve a better decision about the case!" (*Id.*)  Ewing's brief contains no argument, no citations to the record and no citation to authority as required by Rule 28(a)(9) of the Federal Rules of Appellate Procedure.

"While we of course liberally construe pro se pleadings, an appellant's pro se status does not excuse the obligation of any litigant to comply with the

-3-

fundamental requirements of the Federal Rules of Civil and Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). "[A]lthough we make some allowances for the pro se plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements, the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotations and citations omitted). "[E]ven issues designated for review are lost if they are not actually argued in the party's brief." *Phillips v. Calhoun*, 956 F.2d 949, 954 (10th Cir. 1992). Because Ewing's brief presented no issues or argument, we dismiss her appeal. *Murrell v. Shalala*, 43 F. 3d 1388, 1389 n.2 (10th Cir. 1994) (noting "perfunctory complaints [on appeal] fail to frame and develop an issue sufficient to invoke appellate review").

**DISMISSED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

-4-