**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CAROL A. BROADWELL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

      Defendant-Appellee.

No. 09-5016
(D.C. No. 4:07-CV-00610-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **PORFILIO**, and **TYMKOVICH**, Circuit Judges.

---

Carol A. Broadwell appeals from a judgment of the district court affirming

the Social Security Commissioner's denial of her application for disability

benefits under Title II of the Social Security Act. Exercising jurisdiction under

42 U.S.C. § 405(g) and 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Ms. Broadwell was born in 1953 and has a high school education. Her prior work experience includes caregiver, housemaid, secretary, and receptionist. In August 2004, she applied for benefits alleging she became disabled on March 15, 2003, due to multiple problems, including attention deficit disorder, degenerative joint disease or osteoarthritis, fibromyalgia, hip and back pain, major depressive disorder, memory problems, and panic disorder with agoraphobia. Her application was denied initially and on reconsideration.

Ms. Broadwell then received a de novo hearing before an administrative law judge (ALJ), at which she and a vocational expert (VE) testified. Thereafter the ALJ, applying the five-step process that governs review of disability determinations, *Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), concluded Ms. Broadwell was not disabled during the relevant time frame.[1] Specifically, at step one he found she had not engaged in substantial gainful activity since the alleged onset date. At step two he found she had severe impairments (major depression, opiate and alcohol dependence, and panic disorder with agoraphobia), but he rejected allegations that her fibromyalgia and osteoarthritis were severe impairments because a physical examination "resulted in no confirmation of" these conditions, Aplt. App., Vol. 2 at 15, and because she

---

[1]    The relevant time frame is from March 15, 2003, Ms. Broadwell's alleged onset date, through December 14, 2006, the date of the Commissioner's final decision.

denied receiving treatment for arthritis or taking medication for it, *id.* at 15, 17. At step three he found she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including those described in Listings 12.04 (Affective Disorders), 12.06 (Anxiety Related Disorders), and 12.09 (Substance Addiction Disorders).

Next the ALJ considered the impact of Ms. Broadwell's psychological problems on her ability to engage in work, her hearing testimony about her concentration and memory issues, and her allegations of pain. The ALJ acknowledged Ms. Broadwell's "medically determinable impairments could reasonably be expected to produce the alleged symptoms," but found her "statements concerning the intensity, persistence and limiting effects of these symptoms . . . not entirely credible." Aplt. App., Vol. 2 at 17. Thus, the ALJ found Ms. Broadwell retained the residual functional capacity (RFC) for the full range of light work with a moderate limitation in her capacity for interacting with the public.

Proceeding to steps four and five, the ALJ concluded in alternative determinations that Ms. Broadwell was not disabled because at step four she retained the RFC to perform her past work as a secretary and at step five she retained the RFC to perform other jobs available in the regional or national economy. *See id.* at 18 (citing *Murrell v. Shalala*, 43 F.3d 1388 (10th Cir. 1994)

(recognizing the benefit of alternative determinations in the social security review process)).

The Appeals Council denied Ms. Broadwell's request for review, making the ALJ's denial of benefits the Commissioner's final decision. The district court, with a magistrate judge presiding by consent of the parties, 28 U.S.C. § 636(c), affirmed. This appeal followed.

> We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance. We consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but we will not reweigh the evidence or substitute our judgment for the Commissioner's.

*Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted).

Ms. Broadwell alleges the ALJ (1) failed to properly weigh the evidence provided by non-examining, non-treating state experts; (2) ignored documented medical conditions at steps two and three, which impacted his decision at steps four and five; (3) propounded an improper hypothetical to the VE; and (4) failed to perform a proper credibility determination because he rejected medical evidence of arthritis, misconstrued treatment for pain, ignored evidence of mental limitations and deterioration, and selectively discussed the evidence of record.

-4-

Although Ms. Broadwell raised the same allegations of error in the district court, she did not advance all of the arguments in support of them that she now advances on appeal. *Compare* Aplt. Opening Br. at 18-41, *with* Aplt. App., Vol. 1 at 19-27. When a party advances new grounds on appeal to support a general issue that was raised in the district court, we do not consider those new grounds to be properly preserved for our review. *See Bancamerica Commercial Corp. v. Mosher Steel of Kan., Inc.*, 100 F.3d 792, 798-99 (10th Cir.), *amended on other grounds*, 103 F.3d 80 (10th Cir. 1996) (observing that this court will not consider a new theory on appeal, even one "that falls under the same general category as an argument presented" in the district court) (quotation omitted)); *see also Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) (noting, in social security context, the general rule that we will not review issues that were not presented to the district court).

To the extent, however, Ms. Broadwell challenges the ALJ's decision on the same bases as she did in the district court, her arguments fail. In a thorough opinion and order the district court accurately summarized the medical evidence and, using the same standard that governs our review, analyzed and rejected each of Ms. Broadwell's challenges to the ALJ's decision. We cannot improve upon this disposition. The Commissioner's conclusion that Ms. Broadwell was not disabled between March 15, 2003, and December 14, 2006, was the product of a correct application of the law and supported by substantial record evidence.

We therefore AFFIRM the judgment of the district court for substantially the same reasons stated in its December 3, 2008, opinion and order.

Entered for the Court


Terrence L. O'Brien
Circuit Judge