FILED
United States Court of Appeals
Tenth Circuit

February 25, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

MICHAEL E. MCKINZY, SR.,

      Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,

      Defendant-Appellee.

No. 09-3284
(D.C. No. 2:09-CV-02318-CM-JPO)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Pro se plaintiff Michael E. McKinzy, Sr., sued the Internal Revenue Service

(IRS) for its alleged failure to pay him tax refunds. The district court granted the

IRS's motion for summary judgment, holding the claims for tax years 1999, 2001,

2002, and 2003, were barred by the doctrines of res judicata and/or collateral

estoppel. The court further held the claim for 2003 was moot because in the

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

previous litigation, Mr. McKinzy admitted he received a refund and dismissed his claim. As to tax years 2005, 2007, and 2008, the court held the undisputed evidence showed the IRS had already paid any refunds owed to Mr. McKinzy. On appeal, Mr. McKinzy argues generally that disputed issues of material fact precluded summary judgment.

All litigants, including those appearing pro se, are required "to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Relevant here, Rule 28 (a)(9) of the Federal Rules of Appellate Procedure requires the appellant's brief to contain arguments supported by citations to pertinent legal authorities *and* citations to the "parts of the record on which the appellant relies." The reason for this requirement is obvious: "Judges are not like pigs, hunting for truffles buried in briefs." *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1546 (10th Cir. 1995) (quotation omitted).

Mr. McKinzy's generalized assertion that disputed issues of material fact precluded summary judgment is insufficient to adequately frame and develop an issue to invoke appellate review because of his failure to point to any part of the record on which he relies. *Id.* (holding that "[w]ithout a specific reference, we will not search the record in an effort to determine whether there exists dormant evidence which might require submission of the case to a jury") (quotation omitted). *See also Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994)

(holding that "perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review").

The IRS's motion to supplement the record is DENIED as moot. The appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM