Larry MURRELL, Plaintiff–Appellant,

v.

Donna SHALALA, Secretary, Health and Human Services, Defendant–Appellee.

No. 94–6127.

United States Court of Appeals,
Tenth Circuit.

Dec. 29, 1994.

Mitchell Gray, Oklahoma City, OK, for plaintiff-appellant.

Vicki Miles–LaGrange, U.S. Atty., Oklahoma City, OK, Gayla Fuller, Chief Counsel, Region VI, Charlene M. Seifert, Acting Chief, Social Security Branch, Joseph B. Liken, Supervisory Asst. Regional Counsel, Office of General Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellee.

Before ANDERSON, SETH, and BARRETT, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

Plaintiff Larry Murrell appeals from a district court order affirming the Secretary's denial of social security disability and supplemental income benefits. For the reasons discussed below, we affirm as well.[1]

In a decision adopted by the Secretary, the administrative law judge (ALJ) determined plaintiff was not disabled for two, alternative reasons. First, the ALJ determined that despite a concededly severe impairment caused by epilepsy and some associated cognitive limitations, plaintiff could return to his former occupation of grocery packer and,

---

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

therefore, must be found not disabled at step four of the Secretary's five-step evaluative procedure. *See generally Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (describing steps in detail). Second, assuming arguendo that plaintiff could no longer perform any past relevant work, the ALJ determined he could still make a vocational adjustment to other jobs that exist in significant numbers in the national economy and, therefore, must be found not disabled at step five.

▇ Plaintiff's brief in this court addresses only the step-four determination on the merits. As for the alternative, and equally dispositive, determination at step five, plaintiff objects that "after making the final determination that [plaintiff] could return to his past relevant work, the evaluation terminated, and the ALJ's further citations of other jobs [plaintiff] could perform was not only unnecessary but legally improper." Appellant's Opening Brief at 8. The sole authority cited for this proposition is 20 C.F.R. § 404.1520(a), which states that "[i]f we can find that you are disabled or not disabled at any point in the [five-step] review, we do not review your claim further." *See also Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir.1992) (quoting *Gossett v. Bowen*, 862 F.2d 802, 805 (10th Cir.1988), for principle that "[i]f at any point in the process the Secretary finds that a person is disabled or not disabled, the review ends"). Both common sense and the Secretary's own common practice indicate this regulation means only that, due to the way the sequential analysis is structured, a proper finding of disability (at step three) or nondisability (at steps two, four, or five) is conclusive and, thus, cannot be overturned by consideration of a subsequent step. The regulation does not address the propriety of alternative dispositions such as those rendered here, which clearly adhere to this principle of conclusiveness (i.e., the integrity of a step-four finding is not compromised in any way by the recognition that step five, if it were reached, would dictate the same [or a different] result).

Furthermore, the analytical restriction plaintiff seeks to impose on the social security review process is impractical and unprecedented. Whatever the particular result in any given case, the use of alternative dispositions generally benefits everyone: the Secretary relieves a pressing work load by resolving cases thoroughly once; the courts avoid successive, piecemeal appeals; and litigants are spared the protracted delays that result when a case drags on incrementally, bouncing back-and-forth between administrative (re)determinations and judicial review thereof. As for precedent, numerous published (and many more unpublished) decisions reflect matter-of-fact consideration of alternate-ground dispositions in the present context without any suggestion of impropriety. *See, e.g., Tillery v. Schweiker*, 713 F.2d 601, 602–03 (10th Cir.1983); *Schmidt v. Sullivan*, 914 F.2d 117, 119 (7th Cir.1990), *cert. denied*, 502 U.S. 901, 112 S.Ct. 278, 116 L.Ed.2d 230 (1991); *Householder v. Bowen*, 861 F.2d 191, 191–92 (8th Cir.1988); *Atkins v. Shalala*, 837 F.Supp. 318, 324–26 (D.Ore.1993); *Curtis v. Sullivan*, 808 F.Supp. 917, 921, 924 (D.N.H. 1992). Indeed, in *Tillery*, we praised such a disposition for providing a "commendably detailed and … solid basis for judicial review," and capitalized on its alternate character by disposing of the case "on the basis of the ALJ's second, or alternative finding [at step five]." *Tillery*, 713 F.2d at 602, 603; *see also Schmidt*, 914 F.2d at 119 (noting ability to affirm on step-five grounds because ALJ had not "put all his eggs in the basket labeled not disabled from doing previous work"). We thus not only specifically reject plaintiff's objection to the ALJ's alternative disposition here, but expressly reaffirm our favorable view of such dispositions generally.

▇ As noted above, plaintiff advances no additional challenge, on the merits, to the Secretary's finding of nondisability at step five.[2] This choice of litigation strategy nec-

---

2. Plaintiff did not designate the step-five determination as an issue for review in either the docketing statement or the formal statement of the issues in his appellate brief, and, while there are a few scattered statements in plaintiff's step-four argument that also suggest dissatisfaction regarding step-five, such perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review. *See Adams–Arapahoe Joint School Dist. v. Continental Ins. Co.*, 891

essarily carries with it adverse consequences for his appeal as a whole. Since the unchallenged step-five finding is, by itself, a sufficient basis for the denial of benefits, plaintiff's success on appeal is foreclosed—regardless of the merit of his arguments relating to step four. *See, e.g., Cook v. Navistar Int'l Transp. Corp.,* 940 F.2d 207, 214–15 (7th Cir.1991); *Atwood v. Union Carbide Corp.,* 847 F.2d 278, 280 (5th Cir.1988); *Hall v. U.S. Fiber & Plastics Corp.,* 476 F.2d 418, 419–20 (3d Cir.1973).

██ Nevertheless, for plaintiff's sake, we have reviewed the Secretary's decision in light of the parties' contentions on the merits "to determine whether the findings are supported by substantial evidence and whether the Secretary applied correct legal standards." *Pacheco v. Sullivan,* 931 F.2d 695, 696 (10th Cir.1991). We conclude that the Secretary properly considered all of the evidence relating to plaintiff's impairments and that her finding of nondisability should not be disturbed. *See generally Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1500 (10th Cir.1992) (this court does not substitute its own view regarding weight of properly considered evidence for that of Secretary).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

---

F.2d 772, 776 (10th Cir.1989) (issue not formally designated is waived; mere mention in context of another matter is not enough); *see also United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.) (applying "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990); *Hartmann v. Prudential Ins. Co.,* 9 F.3d 1207, 1212 (7th Cir.1993) (same).