**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT HERMANSEN,

        Plaintiff-Appellant,

v.

STATE OF UTAH; UTAH
DEPARTMENT OF CORRECTIONS;
GARY W. DELAND; LYNN J.
LUND, Inspector General; TOBY
JACQUEZ; DAVID R. FRANCHINA;
WILLIAM FOWLKE; MICHAEL
SANDERS; CASEY ROMIJN;
DONALD E. KITCHELL; JAMES
HORLACHER; TED COOLEY;
ROBERT N. WHITE; and ROBERT
LARSEN,

        Defendants-Appellees.

No. 97-4056
(D.C. No. 89-CV-1065)
(D. Utah)

---

**ORDER AND JUDGMENT***

---

Before **BRORBY**, **BARRETT**, and **BRISCOE**, Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Robert Hermansen appeals from the district court's rulings granting summary judgment to remaining defendants in plaintiff's civil rights suit.[1] On appeal, he contends that summary judgment was wrongly granted in light of genuine issues of material fact regarding plaintiff's conspiracy claims, that the court abused its discretion in striking plaintiff's response to defendants' summary judgment motions, that he should have received a hearing on his first amendment claim, and that the court wrongly limited evidence of damages.

We affirm the district court's rulings for two reasons. First, plaintiff is precluded from any appellate review of the magistrate judge's decisions to strike his response to summary judgment and to limit evidence of damages because he failed to object to those rulings as required by Fed. R. Civ. P. 72(a). See Pippinger v. Rubin, 129 F.3d 519, 533-34 (10th Cir. 1997). Second, plaintiff's remaining arguments on appeal are too vague and conclusory to allow for meaningful appellate review. We agree with defendants that plaintiff fails to

---

[1] Plaintiff does not appeal from the court's rulings dismissing defendants Kitchell, Romijn, Cooley, Jacquez and White.

identify any genuine issues of material fact, fails to point to evidence in the record establishing such issues, and fails to challenge the legal basis for the district court's determination of his first amendment claim. Perfunctory complaints which fail to frame and develop an issue are insufficient to invoke appellate review. See Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). Conclusory reference to district court error without sufficient citation to authority is not adequate appellate argument. See Brownlee v. Lear Siegler Management Servs. Corp., 15 F.3d 976, 977-78 (10th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED. Plaintiff's motion to file a supplemental appendix is GRANTED; defendants' motion to strike portions of plaintiff's reply brief is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge