**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTIAN NJOKU,

     Plaintiff - Appellant,

v.

HOLIDAY INNS, INC., sued as:
Holiday Inn, Inc., a corporation of the
state of Tennessee; SAM J.
FRIEDMAN, an Oklahoma limited
partnership d/b/a Tulsa Motels, Ltd.;
AKRUM BEN KHAYAL, an
Oklahoma limited partnership d/b/a
Tulsa Motels, Ltd.; BYRUM
TEEKELL, an Oklahoma limited
partnership d/b/a Tulsa Motels, Ltd.,

     Defendants - Appellees.

No. 98-5007
(D.C. No. 97-CV-120-K)
(Northern District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **McKAY** and **LUCERO**, Circuit Judges.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Christian Njoku appeals the dismissal of his employment discrimination lawsuit. According to Mr. Njoku, the district court erred in dismissing his case without prejudice for the failure of his counsel to attend a pre-trial conference and to submit a pre-trial order. We do not address his argument to this effect, however, because it is plain from the face of the district court's order that dismissal was based on two separate grounds: first, "[f]or good cause shown"; second, and "[f]urther, . . . for the failure of Plaintiff's Counsel to attend the pre-trial conference and failure to submit a proposed pre-trial order."[1] Because Njoku has not appealed the first of these grounds for dismissal, we must affirm the disposition below. See Berna v. Chater, 101 F.3d 631, 633 (10th Cir. 1996) (citing Murrell v. Shalala, 43 F.3d 1388, 1389-90 (10th Cir. 1994)).

Njoku makes no argument that the district court's dismissal for "good cause shown" is synonymous with its dismissal for failure to attend the pre-trial conference and to submit a pre-trial order. Given the plain language of the district court's order of dismissal, and in the absence of any showing to the contrary, we presume the two grounds for dismissal are, as they appear, separate and distinct. Whatever the merits of the second grounds for dismissal, the first

---

[1] Contrary to his obligations under 10th Cir. R. 10.3.1, Njoku fails to include in the record on appeal "the decision or order from which the appeal is taken." In this case, however, the appellee has corrected Njoku's deficiency. See Appellee's App. at 1.

grounds must stand in the absence of an appeal, and the disposition of the district court be thereby upheld.  See id.

**AFFIRMED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge