**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHRISTOPHER JOHNSTON,

      Plaintiff - Appellant,

v.

DONALD YOUNG; JAMES
EDINGER; GARY SALAZAR,

      Defendants - Appellees.

No. 02-1409
D.C. No. 01-N-1405 (MJW)
(D. Colorado)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Christopher Johnston, acting pro se,[1] appeals the district court's dismissal of his civil rights action filed under 42 U.S.C. § 1983. The district court dismissed his claim under FED. R. CIV. P. 12(C) because it was time-barred by the applicable statute of limitations. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Mr. Johnston was arrested by Denver police detectives on November 6, 1997. On June 10, 1999, he timely filed claims arising out of this incident in state court. On July 23, 2001, based on the same incident but following it by more than three years and eight months, Mr. Johnston filed his civil rights claims in federal court. The defendants named in the federal action were not named in the state action.[2] Accepting the recommendation of the magistrate judge, the federal district court on August 23, 2002, entered judgment on the pleadings in favor of Messrs. Young, Edinger and Salazar because Mr. Johnston filed his federal complaint outside the two-year statute of limitations governing the action.[3]

---

[1] We liberally construe a pro se appellate brief. *Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2] *See* Civil Action No. 99-CV-3555, District Court, City and County of Denver, Colorado, where the state court granted summary judgment to defendants on all grounds on September 7, 2001.

[3] Mr. Johnston concedes his 42 U.S.C. § 1983 claim is subject to Colorado's two-year statute of limitations period for personal injury. *See Workman v. Jordan,* 32 F.3d 475, 482 (10th Cir. 1994), *cert. denied,* 514 U.S. 1015 (1995); COLO. REV. STAT. § 13-80-102 (1997).

We treat a motion for judgment on the pleadings under FED. R. CIV. P. 12(C) like we do a motion to dismiss under FED. R. CIV. P. 12(b)(6), and we review the decision of the district court de novo. *Atlantic Richfield Co. v. Farm Credit Bank of Wichita,* 226 F.3d 1138, 1160 (10th Cir. 2000). "Statute of limitations questions may . . . be appropriately resolved on a Fed. R. Civ. P. 12(b) motion." *Aldrich v. McCulloch Properties, Inc.,* 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Mr. Johnston argues his federal complaint was timely under the "relation back" provisions of FED. R. CIV. P. 15(C). He errs. The "relation back" language of FED. R. CIV. P. 15(C) allows an amendment to a pleading, when otherwise permitted by the rule, to relate back to the date of filing of the original pleading under certain circumstances. Mr. Johnston seeks to have his federal complaint "relate back" to his state filing, thereby making it timely. Such a unique application of the "relation back" doctrine, for which Mr. Johnston offers no authority, violates a fair reading of FED. R. CIV. P. 15(C) and offends accepted principles of federal-state comity.[4]

Mr. Johnston claims the magistrate judge was biased and inappropriately

---

[4]Mr. Johnston attributes his tardy federal claim to a tortured discovery process in his state case that delayed discovery of the identities of the three defendants he later named in the federal case. He does not explain why he failed to timely file his federal claim with unnamed defendants and later move to amend under FED. R. CIV. P. 15 after the defendants were identified.

suggested the "statute of limitations" strategy to the defendants.  The argument is without merit and warrants no discussion.  Similarly, his claim that the magistrate judge omitted certain factual data in his recommendation to the district court judge is not supported by the record and is otherwise undeveloped.  We therefore decline to consider it.  *Murrell v. Shalala,* 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).  He further contends the magistrate judge erred by failing to remove his claims from state court to federal court.  This argument is unpersuasive for two reasons.  First, removal is the prerogative of the defendant only (28 U.S.C. § 1441(a)); and second, the state court action was already concluded when the magistrate judge filed his recommendation to the district court judge.

Judgment **AFFIRMED**.


                              **Entered by the Court:**

                              **TERRENCE L. O'BRIEN**
                              United States Circuit Judge