**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN FRANKLIN GOOD,

      Plaintiff-Appellant,

v.

JOAN M. HAMILTON, former
Shawnee County District Attorney,

      Defendant-Appellee,

and

BOARD OF COUNTY
COMMISSIONERS, SHAWNEE
COUNTY, KANSAS; RICHARD
BARTA, Shawnee County Sheriff;
JOEL W. MEINECKE, Shawnee
County Assistant District Attorney;
TONY W. RUES, Shawnee County
Assistant District Attorney; JACK
METZ; DANIEL JARAMILLO;
SCOTT HOLLADAY; PHILLIP
BLUME; DIANE GORDY,

      Defendants.

No. 04-3224
(D.C. No. 01-CV-4067-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff John Franklin Good, a former Shawnee County, Kansas deputy sheriff, brought suit alleging claims under 42 U.S.C. § 1983 and state law against several defendants, including Joan M. Hamilton, the former Shawnee County District Attorney. Ms. Hamilton is the only defendant relevant to this appeal. *See* Aplt. Br at 1-2; Aplt. App., Vol. V at 580 (notice of appeal). Mr. Good's claims against her for conspiracy, malicious prosecution, and abuse of process arise from his employment termination and two criminal prosecutions for perjury.[1] The district court (1) dismissed the conspiracy claim, because it had previously granted summary judgment in favor of defendant Diane Gordy on the same issue, Aplt. App., Vol. I at 91 n.1, 94; (2) dismissed the malicious prosecution claim

---

[1]    This case has a complicated and lengthy factual background. Because the parties are familiar with the facts, we will not set them forth here. *See Good v. Bd. of County Comm'rs* , 331 F. Supp. 2d 1315, 1320-23 (D. Kan. 2004) (discussing undisputed facts).

based on absolute prosecutorial immunity, and also decided that to the extent any malicious prosecution claims remained, Ms. Hamilton was entitled to summary judgment on them because Mr. Good failed to show that she acted without probable cause in filing the perjury charges and thus was absolutely immune, *id.* at 92-94; *Good v. Bd. of County Comm'rs*, 331 F. Supp. 2d 1315, 1328-29, 1330 (D. Kan. 2004); and (3) entered summary judgment against Mr. Good on the abuse of process claim, because he had failed to show that Ms. Hamilton acted with an ulterior motive, *Good*, 331 F. Supp. 2d at 1331. Mr. Good appeals. We exercise jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mr. Good first argues that the district court erred in granting summary judgment to Ms. Hamilton on his conspiracy claim, because she did not file a motion for summary judgment. The district court, however, did not grant summary judgment on the claim; rather, the court dismissed the claim. In doing so, the district court stated as follows:

> In a recent opinion, the court granted summary judgment to Gordy because plaintiff had not provided sufficient evidence of any agreement or concerted action between Hamilton and Gordy to manufacture the false evidence. This ruling would, of course, also apply to Hamilton since they are the only members of the alleged conspiracy.

Aplt. App., Vol. I at 91 n.1.

We review the district court's dismissal of Mr. Good's conspiracy claim under Fed. R. Civ. P. 12(b)(6) de novo. *Sutton v. Utah State Sch. for Deaf &*

-3-

*Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). Dismissal under Rule 12(b)(6) is appropriate only when it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quotations omitted).

Because only Ms. Hamilton and Ms. Gordy allegedly participated in the conspiracy, and the district court had found no conspiracy concerning Ms. Gordy, the court correctly concluded Ms. Hamilton could not conspire alone. Despite the district court's prior ruling, Mr. Good failed to provide any evidence rebutting or in any way calling that ruling into doubt. Accordingly, we conclude the district court did not err in dismissing the conspiracy claim against Ms. Hamilton. [2]

Next, Mr. Good argues that the district court should not have dismissed or granted summary judgment in Ms. Hamilton's favor on his claims of malicious prosecution and abuse of process. He contends, without further elaboration, that Ms. Hamilton was not entitled to absolute immunity for filing both perjury actions against him because she was a complaining witness for each action. He also contends, without specification, that there were many factual issues in dispute.

---

[2]    Mr. Good argues that the conspiracy claim was both a § 1983 claim and a state-law tort-of-outrage claim. Aplt. Br. at 1. In the district court, however, he abandoned the outrage claim. Aplt. App., Vol. II at 125 n.1, 161. And because he only lists, but does not argue this issue in his brief, it is waived. *See Abercrombie v. City of Catoosa*, 896 F.2d 1228, 1231 (10th Cir. 1990).

Mr. Good's appellate arguments are conclusory and undeveloped. As such, they are insufficient for us to consider. *Cf. Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived, . . . and bald assertions in briefs that there are genuine issues of material fact are insufficient to merit reversal of summary judgment); *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (deciding that where appellant "fail[ed] to frame and develop an issue," there was insufficient basis to invoke appellate review); *Ambus v. Granite Bd. of Educ.*, 975 F.2d 1555, 1558 n.1 (10th Cir. 1992) (deciding that issue mentioned on appeal, but not addressed, is waived), *modified on other grounds on reh'g*, 995 F.2d 992 (10th Cir. 1993).

Nonetheless, we have examined the appellate briefs, Mr. Good's appendix, and the applicable law and have reviewed the district court's decisions de novo, *see Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (summary judgment); *Sutton*, 173 F.3d at 1236 (dismissal). We affirm the decisions for substantially the same reasons stated by the district court in its Memorandums and Orders filed April 22, 2002, Aplt. App., Vol. I at 87, and May 19, 2004, *Good*, 331 F. Supp. 2d at 1327-29, 1330-31.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge