**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CYNTHIA GAY ROYCE,

        Plaintiff-Appellant,

v.

VETERAN AFFAIRS REGIONAL
OFFICE; JAMES B. PEAKE, MD,
Secretary of Veteran Affairs;
DAN ICE, Support Services,
Veteran Affairs Regional Office;
JANICE JACOBS, Director,
Veteran Affairs Regional Office,

        Defendants-Appellees.

No. 09-1290
(D.C. No. 1:08-CV-01993-KMT-KLM)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **O'BRIEN**, Circuit Judges.

Pro se plaintiff Cynthia Gay Royce appeals from the district court's order

dismissing her second amended complaint. Because Ms. Royce has failed to

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

adequately frame and develop any issues on appeal regarding the court's order, we dismiss the appeal.

"While we . . . liberally construe *pro se* pleadings, an appellant's *pro se* status does not excuse [her of] the obligation . . . to comply with the fundamental requirements of the Federal Rules of . . . Appellate Procedure." *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). Indeed, Rule 28 (a)(9) of the Federal Rules of Appellate Procedure requires the appellant's brief to contain an argument supported by citations to pertinent legal authorities and the parts of the record upon which she relies. There are no references to the record or any legal authorities cited in Ms. Royce's opening brief; instead it lays out her unsubstantiated — albeit detailed — version of the facts and argues she was wrongly denied discovery and "treated in an unfair manner" by the district court. Aplt. Opening Br. at 4. Thus, in order to reverse the district court's order, we would have to construct arguments or theories for Ms. Royce ourselves. This we cannot do. *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991). *See also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), *petition for cert. filed* (U.S. Dec. 21, 2009) (No. 09-8384) (explaining that the "rule of liberal construction stops . . . at the point at which we begin to serve as [an] advocate."). The failure to adequately frame and develop any issue is

insufficient to invoke appellate review.  *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Ms. Royce's motion for discovery is DENIED.  Her motion to proceed in forma pauperis is DENIED.  The appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge