**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 1, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TOMAS ELI ANTILLON-MENDEZ,

      Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

      Respondent.

No. 13-9528
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

Tomas Eli Antillon-Mendez petitions for review of an order by the Board of

Immigration Appeals, which denied his motion to reopen removal proceedings. We

dismiss the petition for lack of jurisdiction.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

A native citizen of Mexico, Mr. Antillon came to the United States when he was twelve.  At the time, he and his parents were admitted to the country as nonimmigrant visitors.  With this status, Mr. Antillon was allowed to visit the area within 25 miles of the Texas-Mexico border for a maximum of 72 hours. Mr. Antillon remained in the United States after that authorized period, and the government initiated removal proceedings against him in January 2004.  Shortly thereafter, Mr. Antillon married a United States citizen.  They later had two children, who are United States citizens.

When appearing before an immigration judge, Mr. Antillon conceded removability but sought adjustment of status and cancellation of removal.  Following hearings and an administrative appeal, the Immigration Judge ordered removal and found Mr. Antillon ineligible for adjustment of status.  As a result, the judge addressed the application for cancellation of removal.

Under 8 U.S.C. § 1229b(b), an alien who is not a permanent resident must demonstrate, among other things, that he "has been a person of good moral character" during the ten-year period before his application and that his "removal would result in exceptional and extremely unusual hardship" to his spouse, parent, or children who are United States citizens or lawful permanent residents.  8 U.S.C. § 1229b(b)(1)(B) & (D).  The Immigration Judge denied cancellation of removal, reasoning that:

- Mr. Antillon had failed to show an inability for his family to live safely in Mexico (outside of Juarez),

- he had transferrable job skills and would be able to earn a living in Mexico, and

- his assets in the United States could be sold to fund relocation of his family and allow his wife to continue her education.

In an administrative appeal, the BIA dismissed the appeal for cancellation of removal and ordered removal. Mr. Antillon moved to reopen the proceedings based on new unpublished decisions of the BIA and evidence regarding violent conditions in Mexico. The BIA construed Mr. Antillon's motion as one to reopen and reconsider. Construing the motion this way, the BIA denied the motion for reconsideration as untimely because Mr. Antillon had failed to file the motion within 30 days of the BIA's decision to dismiss the appeal. The BIA also denied the motion to reopen, explaining:

> The respondent has attached to his motion recent county conditions evidence that includes evidence of violence in Mexico and specifically Chihuahua. However, the respondent has not explained in his motion how this evidence would support a different result in his case. The Board's last decision affirmed that portion of the Immigration Judge's decision finding the respondent failed to demonstrate that his removal would result in exceptional and extremely unusual hardship to his family. The Immigration Judge's analysis specifically considered the violence in Mexico. The Immigration Judge observed that the respondent had failed to show that he had to live in Juarez and had also failed to show there was no place in Mexico where he would be able to take his family and earn a living. The respondent's current motion does not mention these findings and does not claim that the new evidence would alter these findings.

*Id.* at 4 (citations omitted).

- 3 -

**II.      Review of the Denial of the Motions to Reconsider and to Reopen**

In the petition, Mr. Antillon appeals the BIA decision. Because we lack jurisdiction, we dismiss the petition.

**A.      <u>Reconsideration</u>**

A motion to reconsider was due within 30 days of the BIA's decision. *See* 8 C.F.R. § 1003.2(b)(2). The BIA issued its decision on September 26, 2012, and Mr. Antillon moved to reopen 61 days later. The motion was considered as one for either reconsideration or reopening. As a motion for reconsideration, the filing was considered late and denied on this basis. And Mr. Antillon does not challenge this portion of the BIA's decision.

**B.      <u>Reopening</u>**

The BIA also denied the motion construed as one to reopen, and Mr. Antillon challenges this decision. But we lack jurisdiction to consider this claim.

Federal law precludes judicial review over a discretionary decision to deny relief under 8 U.S.C. § 1229b. *See* 8 U.S.C. § 1252(a)(2)(B)(i) (stating that "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under section . . . 1292b"). And, cancellation of removal falls under § 1229b. Thus, federal law would preclude us from entertaining the appeal if the BIA's refusal to reopen the proceedings had involved an exercise of discretion. It had, and we lack the power to second-guess the BIA's discretionary decision.

We addressed a similar issue in *Alzainati v. Holder*, 568 F.3d 844, 848 (10th Cir. 2009). There too the immigration judge denied an application for cancellation of removal, and the alien asked the BIA to reopen the proceedings based on new evidence of exceptional and extremely unusual hardship. *See id.* The BIA declined to reopen and the alien appealed. *See id.* We held that we lacked jurisdiction to consider the decision if the BIA had declined to reopen the proceedings based on a discretionary decision that the claimant had "not produced sufficient evidence to warrant a finding of exceptional and extremely unusual hardship." *Id.* at 850. Review would have been allowable only if the alien had raised a constitutional claim or a question of law involving statutory construction. *Id*.

*Alzainati* governs here and prevents us from entertaining the appeal over the BIA's refusal to reopen the proceedings. The BIA refused to reopen the proceedings on the ground that Mr. Antillon had failed to show a likelihood of a different outcome before the immigration judge based on the new evidence of violence in Mexico. This discretionary decision is unreviewable under *Alzainati*.

Mr. Antillon supplements his evidentiary arguments with reference to three new BIA decisions. We can entertain these arguments only if they include a colorable claim involving the federal constitution or statutory construction.[1]

---

[1] *See Alzainati v. Holder*, 568 F.3d 844, 850-51 (10th Cir. 2009) (stating that the claim must be "colorable"); *Diallo v. Gonzales*, 447 F.3d 1274, 1282 (10th Cir. 2006) (limiting jurisdiction to claims that address the constitution or a narrow category of issues involving statutory construction).

Mr. Antillon makes two passing references to constitutional provisions. But he does not develop arguments of constitutional error, and we decline to construct a constitutional theory based on these citations. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (holding "perfunctory" allegations of error that "fail to frame and develop an issue" are insufficient to invoke appellate review).

In addition to these passing references to the constitution, Mr. Antillon argues that new BIA decisions would have justified a more searching inquiry into potential hardship and violence in Mexico. But in his appeal brief, Mr. Antillon does not raise any issues involving statutory construction. Thus, we lack jurisdiction to consider Mr. Antillon's appellate arguments based on the BIA's unpublished decisions.

## III.    Conclusion

The BIA construed Mr. Antillon's motion as one for reconsideration and reopening. Construed in this manner, the motion was denied. Mr. Antillon does not challenge the BIA's denial of the motion for reconsideration, and we lack jurisdiction over denial of the motion to reopen. Thus, the petition is denied.

Entered for the Court

Robert E. Bacharach
Circuit Judge

- 6 -