FILED
United States Court of Appeals
Tenth Circuit

March 2, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN R. MCCAULEY,

        Plaintiff - Appellant,

v.

BOARD OF COMMISSIONERS FOR
BERNALILLO COUNTY,

        Defendant - Appellee.

No. 14-2064
(D.C. No. 1:11-CV-00003-GBW-CG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **MORITZ**, Circuit Judges.

John R. McCauley appeals the district court's grant of summary judgment to

the Board of Commissioners of Bernalillo County (Bernalillo County or County) on

his employment discrimination and retaliation claims. McCauley, a former

Lieutenant with the Bernalillo County Sheriff's Department (BCSD), applied

unsuccessfully on three occasions in 2011 for promotion to Captain.  In this action

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

against the County, McCauley claimed the County discriminated against him on the basis of his age in denying him a promotion and retaliated against him for his complaints about gender discrimination in BCSD, in violation of the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, and New Mexico law. The district court granted Bernalillo County's motion for summary judgment on all claims. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.   Background

McCauley began employment with BCSD in 1992 as a deputy, but at all times relevant hereto, he served as a Lieutenant with supervisory duties. In his original complaint in this action, McCauley alleged he complained in June 2009 to his supervisor, Captain Matthew Thomas, that Thomas' preferential treatment of a female employee caused morale problems for other female department employees and created a hostile work environment. In October 2009, McCauley was placed on administrative leave for six months pending investigation of a complaint against him by a female employee. In February 2010, McCauley filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) alleging Thomas gave preferential treatment to a female employee. McCauley further maintained he was discriminated against based on his sex and subjected to retaliation for opposing discriminatory actions and a hostile work environment. McCauley filed this action in January 2011 alleging gender discrimination and retaliation.

About that same time, Danny Houston took office as Sheriff of BCSD. Under Houston's direction, Undersheriff Ron Paiz developed a screening process to be used for promotions to certain positions, including Captain. Under this process, a panel of three experienced law enforcement professionals, none of whom were employed by BCSD, interviewed eligible candidates. Prior to the interviews, panel members reviewed only the candidates' resumes and received confirmation of their eligibility to participate in the promotion process.

Paiz also formulated three interview questions for the panel to ask each candidate. While the panel members could take notes during the interviews, BCSD's standard procedure called for destruction of any documentation immediately after the interview. In contrast, BCSD's standard procedure provided for retention of audio recordings of interviews. The last step in the screening process required the panel, after conducting interviews, to identify its top three candidates for promotion. Sheriff Houston then had discretion to promote any of the three recommended candidates.

In 2011, McCauley applied on three occasions for promotion to a Captain position. In each instance, BCSD followed the screening process described above. The three 2011 interview panels consisted of current and retired command staff from the Albuquerque Police Department, the Rio Rancho Police Department, and the New Mexico State Police, as well as a United States Marshal. None of the three panels identified McCauley as one of the top three candidates submitted to Houston. In each instance, Sheriff Houston chose to promote the panel's top candidate, and in one

instance, he promoted a panel's top two candidates. All four candidates promoted in 2011 were qualified for the position but were younger than McCauley, who was in his late 50s. Following its standard procedure, BCSD destroyed all written documentation after completion of each of the three panel processes. However, according to the County, the audio recordings of the 2011 panel interviews were inadvertently lost.

In July 2011 and August 2011, McCauley filed additional EEOC charges alleging age discrimination and retaliation in connection with the County's failure to promote him to Captain. He alleged the same claims in his second amended complaint in this action, filed in December 2012. The district court granted summary judgment in favor of the County on all claims, concluding that while McCauley established a prima facie case of age discrimination, he failed to show that the County's legitimate, non-discriminatory reason for not promoting him was pretextual. The court further concluded McCauley failed to establish a prima facie case of retaliation. In addition, the court denied his request to sanction the County for spoliation of evidence based on its destruction of the interview panel notes and its loss of the interview recordings.

## II. Discussion

We review a district court's grant of summary judgment de novo, but we view the facts and the reasonable inferences therefrom in the light most favorable to McCauley. *Daniels v. United Parcel Serv., Inc.* 701 F.3d 620, 627 (10th Cir. 2012).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We review a district court's denial of spoliation sanctions for an abuse of discretion and its related finding of no bad faith for clear error. *Turner v. Pub. Serv. Co. of Colo.*, 563 F.3d 1136, 1149-50 (10th Cir. 2009).

### A.    Age Discrimination

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). If a plaintiff makes out a prima facie case of age discrimination, the burden shifts to the employer to assert a legitimate nondiscriminatory reason for its actions. If the employer can do so, the burden reverts to the plaintiff to show that the stated nondiscriminatory reason is pretext for discriminatory intent. *Daniels*, 701 F.3d at 627. "To establish pretext under the ADEA, an employee must show there is enough inconsistency or implausibility in his employer's stated explanation for the [adverse employment action] that a reasonable trier of fact could find it unworthy of belief." *Roberts v. Int'l Bus. Mach. Corp.*, 733 F.3d 1306, 1309 (10th Cir. 2013), *cert. denied*, 134 S. Ct. 2867 (2014).

The district court concluded Bernalillo County provided a legitimate, nondiscriminatory reason for not selecting McCauley for promotion to Captain – *i.e.*,

the neutral interview panels' recommendations based on their review of the candidates' qualifications and their interviews. Turning to McCauley's proffered pretext evidence, the court concluded he presented some evidence Houston was predisposed against McCauley based on his age.[1] But the court also noted that with respect to each promotion, Houston promoted the candidates recommended by the panel, which consisted of law enforcement officers not employed by BCSD. Consequently, the district court concluded that to demonstrate pretext, McCauley was required to present evidence that Houston controlled the panels' recommendations to attain his alleged goal of promoting younger employees.

After carefully analyzing McCauley's proffered pretext evidence, the district court ultimately concluded McCauley failed to show the panel process was a sham manipulated by Sheriff Houston. The court found that some of McCauley's assertions of fact were not supported by admissible evidence; that he failed to explain how some of his evidence was relevant to his pretext argument and his age-discrimination claim; and that his other evidence was insufficient to support a reasonable inference of control. The court therefore held McCauley failed to present evidence on which a reasonable jury could find that Bernalillo County's reason for

---

[1]     The district court characterized some of this evidence as particularly weak evidence of age bias.

not promoting him was pretextual, and that both his ADEA and his state-law age-discrimination claims failed on the same ground.[2]

McCauley first challenges the district court's grant of summary judgment on his age-discrimination claims. But in his opening appeal brief, after summarizing the evidence he presented below, McCauley asserts only that he "presented sufficient evidence of pretext for a jury to infer discriminatory motive." Aplt. Opening Br. at 23. McCauley makes no effort to demonstrate error in the district court's rationale, and we decline to construct an argument for him. *See Perry v. Woodward*, 199 F.3d 1126, 1141 n.13 (10th Cir. 1999) (stating court "will not craft a party's arguments for him"); *see also Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (reiterating "settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived" (internal quotation marks omitted)). Even viewing the facts in a light most favorable to McCauley, we conclude there is no genuine dispute as to any material fact and the County was entitled to judgment as a matter of law on his age-discrimination claims. Therefore, we affirm the district court's grant of summary judgment on those claims.

---

[2]    The district court also denied McCauley's request for an inference that the destroyed interview notes and the lost interview recordings contained evidence demonstrating pretext. We will address separately the court's denial of a spoliation sanction.

**B.     Retaliation**

Title VII prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."  42 U.SC. § 2000e-3(a). To demonstrate a prima facie case of retaliation, a plaintiff must show "(1) [he] engaged in protected opposition to Title VII discrimination; (2) [he] suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action."  *Meiners v. Univ. of Kan.*, 359 F.3d 1222, 1229 (10th Cir. 2004).

McCauley contended below that he was denied a promotion to Captain in retaliation for his protected activity, which he identified as his complaints to BCSD superiors about gender discrimination in 2009 and his EEOC charge in February 2010.  The district court held McCauley's 2009 complaints to Thomas did not qualify as protected activity in support of a prima facie case of retaliation.

Regarding the February 2010 EEOC charge, the court found that although it qualified as protected activity, McCauley failed to demonstrate a causal connection between the charge and the County's failures to promote him in 2011. Specifically, the district court found no genuine dispute as to whether any panel members were aware of McCauley's EEOC charge.  The court concluded that some of McCauley's evidence bore no relevance to that question, and it rejected as speculative his

assertion that Houston or Paiz disclosed the fact of his EEOC charge to the panels. Further, the court reiterated its conclusion that McCauley's pretext evidence was insufficient to generate a material issue of fact as to whether Houston controlled the panels. Because McCauley failed to establish a causal link between his protected activity and the adverse employment actions, the district court concluded his prima facie case of retaliation failed under both federal and state law.

In challenging summary judgment on his retaliation claims, McCauley again makes only perfunctory arguments. He baldly asserts that "[t]here can be no argument" that his 2009 complaints to Thomas did not qualify as protected activity. Aplt. Opening Br. at 24. Further, he points out that to engage in a protected activity, he was not required to use discrimination "buzz words." *Id.* But McCauley fails to address the district court's multiple rationales for rejecting his retaliation claim, including its conclusion that while McCauley may have expressed opposition to Thomas undermining his supervisory authority and showing favoritism to a certain female employee, McCauley did not complain about gender discrimination. *See Neal v. Roche*, 349 F.3d 1246, 1251-52 (10th Cir. 2003) (holding Title VII does not proscribe cronyism and personal favoritism, so long as not discriminatory).

As to causation, McCauley simply summarizes the evidence he presented below without addressing the district court's conclusion that the evidence failed to show a genuine issue of material fact regarding either the panels' knowledge of his EEOC charge or Houston's alleged manipulation of the panels' recommendations.

Again, we decline to craft appeal arguments for McCauley. Because McCauley has not shown the district court committed reversible error in holding he failed to present sufficient evidence of a causal connection between his protected activity and the adverse employment actions to avoid summary judgment on his retaliation claims, we affirm summary judgment on his retaliation claims.

## C.    Denial of a Spoliation Sanction

McCauley asserted below that Bernalillo County's destruction of the panels' interview notes and its loss of the audio recordings of the panels' interviews required the district court to infer that the notes and recordings contained evidence demonstrating the County's proffered reason for not promoting him was pretextual. The district court construed this argument as a request for an adverse-inference spoliation sanction, requiring McCauley to show (1) Bernalillo County possessed a duty to preserve the evidence; (2) the destruction of the evidence prejudiced McCauley; and (3) Bernalillo County destroyed the evidence in bad faith. *See Turner*, 563 F.3d at 1149. The district court made no finding regarding the County's duty to preserve the evidence, but it specifically found McCauley suffered no prejudice from the loss or destruction of the evidence and the county did not act in bad faith.

On appeal, McCauley contends the district court should have denied summary judgment on all of his claims based on the destruction of key evidence. Specifically, he contends the district court erred by relying on *Turner*, where this court affirmed a

- 10 -

district court's denial of a spoliation sanction based on a finding of no bad faith. *See id*. at 1149-50. McCauley points out that in *Turner*, the defendant inadvertently lost its interview notes before the plaintiff filed her discrimination charge and the employer produced through discovery numerous other documents relating to the relevant hiring processes. *See id.* at 1150.[3] In contrast, McCauley contends the County's claim in this case that it inadvertently lost all of the audio recordings from the promotion processes in which he participated is simply incredible. But McCauley ignores the district court's rationale for holding otherwise and we conclude the district court did not err in finding McCauley has failed to show the County acted in bad faith in destroying the interview notes and failing to preserve the recordings.

McCauley also asserts that, unlike in *Turner*, the County's destruction and loss of evidence leaves him "no objective evidence of what went on in the promotional process," thereby prejudicing him. Aplt. Opening Br. at 29. Once again, he ignores the district court's reasoning. In finding that McCauley failed to demonstrate sufficient prejudice to justify a spoliation sanction, the district court emphasized that his pretext argument depended on a showing that Sheriff Houston had manipulated the panels' recommendations. It noted that none of the panel members worked for BCSD, there was no evidence any panel member harbored any age bias, and no reason to conclude any panel member would be unwilling to honestly describe the

---

[3] Mr. McCauley also incorrectly asserts that the plaintiff in *Turner* relied solely on the lost interview notes to support her pretext argument. *See* 563 F.3d at 1144-48 (discussing the plaintiff's other pretext arguments).

panel process. Yet McCauley failed to seek any evidence from the panel members in discovery. Thus, the court concluded the notes and recordings were not his only source of information about the panel processes. On appeal, McCauley does not mention the district court's rationale for concluding he was not prejudiced. Thus, he fails to show the district court abused its discretion in refusing to infer, as a spoliation sanction, that the County's proffered reason for not promoting him was pretextual.

Having reviewed the district court's summary judgment order, the parties' briefs, and relevant portions of the record, we conclude the district court appropriately found no genuine issue of material fact and granted summary judgment for Bernalillo County on all claims.

The judgment of the district court is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge