**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 3, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

MANINDER PAL SINGH,

    Petitioner,

v.

MERRICK GARLAND,
United States Attorney General,

    Respondent.

No. 21-9589
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.
_____

Maninder Pal Singh petitions for review of the final order of removal entered by the Board of Immigration Appeals (BIA). The BIA upheld the denial by the immigration judge (IJ) of Mr. Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). It addressed some of the IJ's rulings on the merits and found Mr. Singh had waived certain other issues by failing to adequately raise them in his brief to the BIA. In his brief in this court

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Singh raises a single challenge to the BIA's decision—that "[t]he BIA erred when it affirmed the IJ's denial of [his] asylum application on the grounds of [a] negative credibility determination . . . ." Pet'r's Br. at 11. Our jurisdiction arises under 8 U.S.C. § 1252(a). We deny the petition for review because Mr. Singh (1) waived any challenge to the IJ's decision that a discretionary grant of asylum was not warranted in his case, which is an independently dispositive basis for the denial of asylum; and (2) waived any challenges to the BIA's disposition of his claims for withholding of removal and CAT relief by not raising any argument about the BIA's resolution of those claims in his opening brief.

I.  Background

Mr. Singh is a native and citizen of India. He was charged with unlawfully entering the United States without being admitted or paroled, and he ultimately conceded the charge. He then applied for asylum, withholding of removal, and protection under the CAT. The IJ held a hearing on his application. Mr. Singh testified he was a member of the Shiromni Akali Dal Amritsar party, and that he was attacked and beaten by members of the Shiromni Akali Dal Badal and Bharitya Janta parties on two separate occasions in 2015 and in 2016. After the second attack he went to stay with an aunt in another part of the country, where he stayed for about a month. He testified that his parents decided to send him to the United States after the men who attacked him told his family they would find him and kill him. He asserted that Badal party members targeted him because of his political opinions and that he was unable to relocate within India.

2

After the hearing the IJ issued a written decision.  He gave four reasons for denying Mr. Singh's asylum claim.  First, the IJ found that Mr. Singh was not credible because he "omitted key information about his attacks during his asylum interview and because his claims [were] not consistent with current country conditions."  R. at 42.  Second, the IJ explained that even if he had found Mr. Singh credible, he would deny asylum relief because an exercise of discretion to grant asylum to Mr. Singh was not warranted.  Third, Mr. Singh had not timely filed for asylum relief within the one-year deadline.  Finally, even if Mr. Singh was credible and had filed his application in a timely manner, he had the burden to demonstrate he would be unable to relocate within India and he had failed to do so.

Because Mr. Singh had failed to establish a well-founded fear of past or future persecution on account of a protected ground in his asylum case, the IJ found he could not establish his eligibility for withholding of removal, which requires a showing that it is more likely than not he would be persecuted if he returned to India.  Likewise, the IJ found Mr. Singh had not met his burden of proving his entitlement to relief under the CAT because he had not shown it was "more likely than not that he will be tortured by or at the acquiescence of the government of India."  *Id.* at 47.  The IJ denied all relief.

Mr. Singh appealed the IJ's decision to the BIA.  The BIA concluded that the IJ had properly determined that Mr. Singh was not statutorily eligible for asylum.  In reaching this conclusion the BIA affirmed the IJ's finding that Mr. Singh was not credible.  The BIA assumed Mr. Singh's claim was generally plausible based on

3

evidence of country conditions in India, so it did not rely on that part of the IJ's credibility analysis. But it determined that "[t]he inconsistency between the credible fear interview and subsequent statements supports an adverse credibility determination under the totality of the circumstances." *Id.* at 5. The BIA explained that because Mr. Singh had not testified credibly, he could not establish he had been subjected to past persecution.

Regarding whether Mr. Singh had a well-founded fear of future persecution, the BIA noted that the IJ had made findings about Mr. Singh's ability to relocate and the reasonableness of doing so, but Mr. Singh had not challenged those findings. The BIA therefore ruled that Mr. Singh had waived that argument.

In addition, the BIA upheld the IJ's discretionary denial of asylum. It noted that Mr. Singh had "not meaningfully addressed the [IJ's] discretionary denial" and that this waiver "preclude[d] [him] from being eligible for asylum." *Id.* at 6 n.3.[1]

The BIA also concluded Mr. Singh was not eligible for withholding of removal, which requires a higher burden of proof than asylum but has no discretionary element. Finally, the BIA ruled that Mr. Singh had waived any arguments regarding his CAT claim because he did not explain how the IJ erred in denying it but instead discussed evidence of torture in Sudan even though he is Indian and has no apparent ties to Sudan.

---

[1] The BIA declined to address the timeliness of Mr. Singh's asylum application because it concluded he was not eligible for asylum for other reasons.

4

The BIA dismissed the appeal. Mr. Singh then filed the underlying petition for review.

II. Discussion

We first address Mr. Singh's claims for withholding of removal and protection under the CAT. In his brief in this court Mr. Singh offers no challenge to the BIA's decisions to uphold the IJ's denials of his claim for withholding of removal and his claim for relief under the CAT—he does not mention those claims at all in his argument section. Consequently, he has waived those issues. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived.").

Next, we turn to Mr. Singh's asylum claim, which involves a "two-step process," *Diallo v. Gonzales*, 447 F.3d 1274, 1282 n.4 (10th Cir. 2006). "First, the applicant must show that he is eligible for asylum by establishing that he is a refugee as defined in 8 U.S.C. § 1101(a)(42). Then, having established his eligibility, he must convince the Attorney General to exercise his discretion and grant asylum." *Id.* (citation omitted). Mr. Singh challenges only the IJ's adverse-credibility determination, which relates to his ability to establish his statutory eligibility for asylum at the first step. He does not mention that the IJ determined a discretionary grant of relief was not warranted in his case, which meant his request for asylum also failed at the second step. And Mr. Singh likewise fails to address the BIA's conclusion that he waived any challenge to the IJ's discretionary denial of asylum because he failed to raise it in his brief to the BIA. The BIA ruled that Mr. Singh

5

was ineligible for asylum relief on that basis, which provides an independent ground to deny asylum relief. Mr. Singh's failure to address the discretionary denial of asylum in his appellate brief constitutes a waiver. *See Krastev*, 292 F.3d at 1280. Because of this waiver, he cannot succeed on his asylum claim regardless of whether the BIA erred in upholding the IJ's adverse-credibility determination. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) (failure to challenge an agency finding that is an independently sufficient basis for the denial of relief forecloses success on appeal regardless of the merits of an alternative ground).

III.  Conclusion

We deny the petition for review.

Entered for the Court

Harris L Hartz
Circuit Judge