**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 14, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

PABLO MACKLEEN-GRIJALVA,

Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

Respondent.

No. 21-9574
(Petition for Review)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Pablo Mackleen-Grijalva petitions for review of a Board of Immigration

Appeals (Board) order denying his motion to reopen his removal proceedings based

on ineffective assistance of counsel.  We deny the petition because he does not

challenge one of the alternative grounds relied on by the Board to deny his motion to

reopen.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND

Mr. Mackleen is a native and citizen of Mexico.  In 2020 an immigration judge (IJ) found Mr. Mackleen removable, denied his application for cancellation of removal, and granted his request for voluntary departure.  The IJ found Mr. Mackleen statutorily ineligible for cancellation because he could not establish good moral character throughout the requisite ten-year period.  Alternatively, the IJ denied cancellation of removal on the ground that Mr. Mackleen failed to meet his burden to establish exceptional and extremely unusual hardship to his qualifying relatives.

With new counsel, Mr. Mackleen unsuccessfully appealed to the Board.[1]  He then filed with the Board the motion to reopen and remand at issue here.  He alleged former counsel was ineffective for failing to discover that he was eligible for special-rule cancellation of removal for abused spouses of United States citizens under the Violence Against Women Act (VAWA), as codified at 8 U.S.C. § 1229b(b)(2)(A)(i)(I), and for adjustment of status as a beneficiary of a concurrently filed I-360 VAWA self-petition for a visa as an abused spouse.[2]  In support of his motion Mr. Mackleen submitted documents concerning former counsel and his prior common-law marriage, and declarations from himself, his sister, and his current partner.

---

[1] Mr. Mackleen filed a petition for review in this court but later voluntarily dismissed it.

[2] An alien may seek relief under the VAWA either by requesting cancellation-of-removal proceedings under 8 U.S.C. § 1229(b)(2)(A), or by filing a visa petition under 8 C.F.R. §§ 204.1(a)(3), 204.2(c).

The Board concluded that reopening was not warranted and denied the motion. Mr. Mackleen then filed his petition for review. On his unopposed motion, we abated the matter while he pursued the VAWA self-petition with the United States Citizenship and Immigration Service. The USCIS denied the petition because he was unable to demonstrate good moral character. We then lifted the abatement.

## II.    DISCUSSION

A motion to reopen gives an alien the opportunity to present new evidence demonstrating that he is eligible for relief from removal. *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). The supporting evidence must have been undiscoverable and unavailable at the time of the former hearing, unless, although available, it was not submitted "because of counsel's ineffectiveness." *Mena-Flores v. Holder*, 776 F.3d 1152, 1168 (10th Cir. 2015). The new evidence must "demonstrate that if proceedings before the IJ were reopened,. . . the new evidence offered would likely change the result in the case." *Maatougui v. Holder*, 738 F.3d 1230, 1240 (10th Cir. 2013) (brackets and internal quotation marks omitted).

The Board denied the motion to reopen for two reasons. First, it concluded that Mr. Mackleen's evidence was not new and previously undiscoverable. Second, the Board found that he failed to demonstrate his prima facie eligibility for either special-rule cancellation of removal or adjustment of status based on his I-360 VAWA self-petition, so he could not show he was prejudiced by former counsel's failure to pursue that relief. Each of the Board's reasons for denying reopening was independently dispositive. *See Mickeviciute v. INS*, 327 F.3d 1159, at 1162 (10th

3

Cir. 2003) (recognizing that the movant's failure to establish his eligibility for the substantive underlying relief and his failure to introduce previously unavailable evidence are "independent grounds" for denial of a motion to reopen). The Board also declined to exercise its discretion to reopen proceedings sua sponte, noting that the motion did not demonstrate an "exceptional situation," as he failed to show prejudice resulting from his counsel's alleged ineffectiveness. R., vol. 1 at 5.

Mr. Mackleen seeks review of the Board's determination that he failed to establish his prima facie eligibility for VAWA relief. But he does not seek review of either the Board's finding that he failed to present new and previously unavailable evidence or its denial of sua sponte reopening. Accordingly, he has waived any challenge he might have had to those rulings. *See Krastev v. INS*, 292 F.3d 1268, 1280 (10th Cir. 2002) ("Issues not raised on appeal are deemed to be waived."). His failure to challenge the Board's denial of reopening on the ground that he did not present previously unavailable evidence also renders it unnecessary to consider his challenge to its eligibility determination, and requires denial of his petition for review. *See Lebahn v. Nat'l Farmers Union Unif. Pension Plan*, 828 F.3d 1180, 1188 (10th Cir. 2016) (when a tribunal rejects a claim on multiple independent grounds, the petitioner must challenge each ground); *Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) (the failure to challenge a determination that is "by itself, a sufficient basis for" denying relief forecloses success on appeal).

## III.    CONCLUSION

We deny the petition for review.  We grant Mr. Mackleen's motion to proceed without prepayment of fees and costs.

Entered for the Court

Harris L Hartz
Circuit Judge