FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 16, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEVEN G. PEGLER,

     Plaintiff - Appellant,

v.

DOUG SMITH AUTOPLEX, d/b/a Doug
Smith Subaru,

     Defendant - Appellee.

No. 21-4125
(D.C. No. 2:19-CV-00821-CW)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Steven G. Pegler appeals pro se from the district court's grant of summary

judgment to his former employer, Doug Smith Autoplex, on his religious discrimination

claim. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

Pegler worked for Doug Smith as a car salesman from July or August 2017

until he was terminated in September 2018. During his tenure, he received several

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

negative counseling statements indicating he was offensive to customers, failed to meet sales objectives, and exhibited a poor attitude toward both customers and management. He also received three negative customer reviews, the last of which indicated that Pegler raised his voice to a customer's wife during a test drive. According to the review, Pegler stated: "[I]f you aren't going to lease from me, then you are wasting my time!" R., vol. 1 at 145. The customer told him to calm down, but Pegler responded, "[N]o I'm Jewish." *Id.* He also refused to shake the customer's hand after the test drive. Pegler was fired six days later.

Pegler filed this action under Title VII, alleging religious discrimination in that he was terminated because, unlike most of his coworkers, he is not a member of The Church of Jesus Christ of Latter-Day Saints. *See* 42 U.S.C. § 2000e-2(a)(1).[1] The district court adopted a magistrate judge's report and recommendation and granted summary judgment for Doug Smith, concluding that Pegler failed to establish either a

---

[1] Additionally, Pegler complained of discrimination based on his age, national origin, and disability, but he later disavowed those theories. He also complained of a hostile work environment and retaliation, but the district court did not analyze those theories as separate claims, and Pegler has not pursued them on appeal. Although his opening brief contains several references to retaliation, such perfunctory, scattered statements are insufficient to preserve appellate review. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994). Indeed, we afford pro se filings a liberal construction, but pro se parties must comply with the same procedural rules that govern other litigants, and we will not "take on the responsibility of serving as the [pro se] litigant's attorney in constructing arguments and searching the record" on their behalf. *Garrett v. Selby Connor Maddux & Janner*, 425 F.3d 836, 840 (10th Cir. 2005).

prima facie case of religious discrimination or that the reason for his termination—

his bad attitude—was pretext for discrimination.

## II

"We review a district court's grant of summary judgment de novo, applying

the same standards as the district court." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d

1106, 1112 (10th Cir. 2007). "The court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "If the moving party

does not bear the burden of proof at trial on a dispositive issue, that party may make

such a showing simply by indicating to the court a lack of evidence for the

nonmovant on an essential element of the nonmovant's claim." *Sally Beauty Co. v.*

*Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002). "Once the moving party has

properly supported its motion for summary judgment, . . . the nonmoving party

[must] go beyond the pleadings and set forth specific facts showing that there is a

genuine issue for trial." *Id.*

Where, as here, a plaintiff relies on circumstantial evidence, we employ the

burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973). *See Singh v. Cordle*, 936 F.3d 1022, 1037 (10th Cir. 2019). Under that

framework, a plaintiff must establish a prima facie case of discrimination by showing

some adverse employment action, satisfactory job performance at the time of the

adverse action, and evidence to support an inference that the adverse action was

taken because of a discriminatory motive that the plaintiff did not share the

employer's religious beliefs. *See Shapolia v. Los Alamos Nat'l Lab'y*, 992 F.2d 1033, 1038 (10th Cir. 1993). If the plaintiff makes a prima facie case, the burden shifts to the employer to proffer a legitimate, nondiscriminatory reason for the adverse employment action, upon which the burden shifts back to the plaintiff to establish the employer's proffered reason is pretext for discrimination. *See id.* at 1036.

Here, the district court confirmed there was evidentiary support for Doug Smith's statement of undisputed material facts. *See* R., vol. 1 at 206 n.4. Pegler admitted many of Doug Smith's material facts, and the district court observed that he failed to cite any evidence to dispute those he denied. The court therefore deemed those facts undisputed and ruled that Pegler failed to establish a prima facie case because, although he suffered an adverse action when he was fired, he did not cite any evidence indicating either that his job performance was satisfactory or that his termination was based on a discriminatory motive.

On appeal, Pegler does not specifically address this ruling or the deficiencies of his prima facie case, but instead summarily asserts that the district court failed to consider his version of the facts. As the district court explained, however, Pegler failed to cite any evidence indicating a material factual dispute; he merely invited the district court to read his deposition and the deposition of the customer who wrote the last review. Yet the district court was not obliged to comb the record on Pegler's behalf. "Where a report or other material is made part of the record but the party fails to cite to the particular parts of the record that support a particular argument, the

4

district court is under no obligation to parse through the record to find the uncited materials." *Doe v. Univ. of Denver*, 952 F.3d 1182, 1191 (10th Cir. 2020) (brackets and internal quotation marks omitted).

In any event, even if Pegler could establish a prima facie case, he cites no evidence demonstrating a fact issue as to pretext. *See Hiatt v. Colo. Seminary*, 858 F.3d 1307, 1316-17 & n.10 (10th Cir. 2017) (assuming without deciding that plaintiff established a prima facie case and resolving claims at pretext stage). "[P]retext can be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons." *Rivera v. City & Cnty. of Denver*, 365 F.3d 912, 925 (10th Cir. 2004) (internal quotation marks omitted).

Pegler repeatedly denied being subjected to religious discrimination, *see, e.g.*, R., vol. 1 at 87, 94, but he now contends the reason given for his termination—his bad attitude—was pretext because, contrary to Doug Smith's assessment, his attitude was not "horrendous," Aplt. Br. at 3. But Pegler's "own assessment of his job performance" is insufficient to raise a material factual dispute. *Shapolia*, 992 F.2d at 1039. "The relevant inquiry is not whether the employer's proffered reasons were wise, fair or correct, but whether it honestly believed those reasons and acted in good faith upon those beliefs." *Rivera*, 365 F.3d at 924-25 (brackets and internal quotation marks omitted). The record confirms Pegler received three negative customer

reviews and multiple counseling statements. Consistent with the reviews, one counseling statement indicates he was "[o]ffensive to customers," "[t]oo abrasive," and "not car[]ing." R., vol. 1 at 151. He was urged to "[b]e kinder to customers[] [and to] respect others." *Id.* And when he was fired, his last counseling statement recounted his continuing attitude problems that culminated in his termination:

> We have had multiple issues with Steve's attitude, both towards customers and management.
> . . . .
> Steve has been warned in the past about his attitude towards customers and how he needed to be kinder to customers. His attitude towards management when discussing these issues has also been disrespectful.
> . . . .
> It creates a hostile environment for customers and is not acceptable behavior for a representative of Doug Smith Subaru.
> . . . .
> With the continued behavior still being a problem, we've decided the best course of action is termination of employment.

*Id.* at 146. This evidence does not suggest pretext. And while Pegler insists the last customer review was written in "collusion" with Doug Smith to create a pretext for his termination, Aplt. Br. at 3, he offers no evidence to support that theory. He says the incident occurred ten months before the review was written, but as in the district court, he cites no evidence to support that assertion, relying instead on mere conjecture. *See Jencks v. Mod. Woodmen of Am.*, 479 F.3d 1261, 1267 (10th Cir. 2007) ("Mere conjecture that the employer's explanation is pretext is [an] insufficient basis to defeat summary judgment." (internal quotation marks omitted)).

Pegler also contends he was treated differently than another employee who he says had two outbursts at work but was not fired, while Pegler had his work schedule

6

reduced and was terminated. "[E]vidence that a similarly situated employee received better treatment can suggest that the employer's alleged nondiscriminatory reason is merely pretextual." *Roberts v. Int'l Bus. Machs. Corp.*, 733 F.3d 1306, 1310 (10th Cir. 2013). "But to provide a basis for reliable comparison, the other employee must, in fact, be similarly situated—that is, reporting to the same supervisor, held to the same standards, and afoul of those standards to at least the same degree." *Id.* "And it falls on the [plaintiff] to rule out alternative explanations for the differential treatment." *Id.*

Once again, however, Pegler cites no evidence to support his argument. And the record undermines his premise that the other employee had a similar attitude problem. Pegler offered only his own uncorroborated testimony that the other employee confronted him twice at work, but there is no evidence that the other employee had similarly negative interactions with customers as Pegler did, which is a seemingly critical distinction in the sales business. Neither is there any evidence that the other employee received similarly negative customer reviews or counseling statements. Moreover, Pegler relies on mere conjecture in speculating that any differential treatment *must* manifest pretext. He summarized his position at his deposition when he questioned why the other employee was not fired:

> Why did they protect him? I don't know. Did it have to do with, you know, the [Church of Jesus Christ of Latter-Day Saints (LDS)] clientele and he's LDS and he's been there longer in our club? I don't know. It would make sense. If I was the manager, I wouldn't even think about it. Why would you want somebody like that there?
> . . . .
> Why protect him? You go figure that out, or a judge will, or a jury will.

7

R., vol. 1 at 95. Pegler's failure to show the other employee had similar disciplinary issues, coupled with his reliance on mere conjecture to rule out any explanation for differential treatment, prevents him from establishing a fact issue as to pretext. He therefore fails to demonstrate reversible error in the district court's grant of summary judgment to Doug Smith.

III

Accordingly, the district court's judgment is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge