**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**December 11, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

BRIAN ANDERSON,

    Plaintiff - Appellant,

v.

JEFF LONG,

    Defendant - Appellee.

No. 23-1050
(D.C. No. 1:21-CV-03453-KLM)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Brian Anderson appeals the dismissal of his pro se civil-rights action claiming

that Jeff Long, the warden of Colorado's Sterling Correctional Facility, violated his

Eighth Amendment rights by failing to implement a policy of providing single-person

prison cells to medically vulnerable inmates to prevent him from contracting

Covid-19. A magistrate judge acting with the parties' consent, *see* 28 U.S.C.

§ 636(c)(1), ruled that Anderson failed to allege an Eighth Amendment violation and

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Long was entitled to qualified immunity.  We have jurisdiction under 28 U.S.C.
§ 1291 and affirm.

I

We summarize the facts alleged in the amended complaint and appropriately considered exhibits.[1] Anderson is 63 years old and suffers from an auto-immune disease that puts him at heightened risk of complications from Covid-19.  In early 2020, when he was confined at Sterling Correctional Facility, the Colorado Department of Corrections (CDOC) took measures to prevent spread of the virus, including agreeing to issue medically vulnerable inmates single-person prison cells. CDOC's executive director advised Long to implement the single-cell policy under a consent decree entered in a different lawsuit, but Long failed to do so.  In August 2020, correctional officers told inmates that those who were 60 years of age and older with medical conditions would be issued single cells to prevent them from catching Covid-19.  Anderson told an officer identified as Sergeant Johnson that he had an auto-immune disease, and he asked if he would be placed in a single cell; but Sergeant Johnson replied that Anderson's name was not on the list of inmates being issued single cells.  Although some inmates were temporarily granted single cells, others were not, and several died of Covid-19.  Long's refusal to implement the single-cell policy caused Anderson to contract Covid-19 in November 2020.  After

---

[1] Although this case was dismissed on a motion under Federal Rule of Civil Procedure 12(b)(6), we may consider documents attached to the amended complaint and those referenced therein that are central to Anderson's claim.  *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

catching the virus he fainted twice, suffered two strokes, and sustained damage to his heart and lungs. He continues to suffer from complications and requires ongoing treatment. The complaint sought damages and injunctive relief.[2]

Long moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The magistrate judge granted the motion, ruling that Anderson failed to allege a constitutional violation and Long was entitled to qualified immunity. The magistrate judge determined that there were no allegations that Long subjectively knew about Anderson's condition or knew that Anderson faced a substantial risk of harm, and thus the allegations were insufficient to support a reasonable inference that Long consciously disregarded the risk to Anderson when he failed to implement the single-cell policy.

## II

"We review de novo the district court's ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim for relief." *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on

---

[2] Anderson has abandoned his request for injunctive relief by failing to advance the issue on appeal. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011) (issues omitted from an opening brief are abandoned). He has also waived his argument that Long allegedly used the administrative grievance process to deny him a single cell. Anderson's opening brief contains one sentence stating that his grievance requesting a single cell was denied because an "administrative regulation prohibits filing grievances regarding cells." Aplt. Opening Br. at 9 (cleaned up). Such "scattered statements . . . fail to frame and develop an issue sufficient to invoke appellate review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

its face." *Id.* (internal quotation marks omitted). We liberally construe pro se pleadings, but we may not craft arguments or otherwise advocate on behalf of a pro se litigant. *See Garrett Selby Connor Maddux & Janer*, 425 F.3d 836, 840-41 (10th Cir. 2005). A "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

When a defendant asserts qualified immunity "[o]n a motion to dismiss, it is the defendant's conduct as alleged in the complaint that is scrutinized for constitutionality." *Bledsoe*, 53 F.4th at 607 (cleaned up). We evaluate "1) whether the plaintiff has alleged facts showing a constitutional violation; and 2) whether that constitutional violation was clearly established or obvious at the time of the incident in question." *Id.* at 601. When, as here, the plaintiff fails on the first test, we need not consider the second.

The Eighth Amendment prohibits "cruel and unusual punishments," U.S. Const. amend. VIII, including a prison official's "deliberate indifference to serious medical needs of prisoners," *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (internal quotation marks omitted). Deliberate indifference has two prongs: an objective prong that requires an "alleged deprivation . . . sufficiently serious to constitute a deprivation of constitutional dimension," and a subjective prong requiring that "the prison official . . . have a sufficiently culpable state of mind." *Self*, 439 F.3d at 1230-31 (internal quotation marks omitted). "[A] prison official cannot be liable unless the official knows of and disregards an excessive risk to

4

inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1231 (internal quotation marks omitted).

The question here is whether the allegations in the amended complaint satisfy the subjective prong. Anderson contends they do because he alleged that Long failed to implement the single-cell policy to prevent medically vulnerable inmates from contracting Covid-19. There are no allegations, however, that Long knew Anderson had an auto-immune disease or other risk factors that made him more vulnerable to Covid-19. Although he alleged that Sergeant Johnson and other prison staff knew he had an auto-immune disease, he did not allege that *Long* knew of the disease or that he had any particular vulnerability to Covid-19.

Nor did Anderson allege that Long consciously disregarded his particular risks. *See Self*, 439 F.3d at 1231 ("The subjective component is akin to recklessness in the criminal law, where, to act recklessly, a person must consciously disregard a substantial risk of serious harm." (internal quotation marks omitted)). Anderson simply alleged that Sergeant Johnson told him that his name was not on the list of inmates who were issued single cells. Although he also alleged that Long failed to implement the single-cell policy, that failure in itself could not establish that Long made a conscious decision to disregard Anderson's particular vulnerabilities and deny him an individual cell, which some inmates were granted.

Anderson maintains that Long's alleged failure to implement the single-cell policy contravened a consent decree entered in another case. He suggests that Long's

alleged violation of the consent decree supports his assertion of deliberate indifference.  It does not.  The consent decree was issued in another case after Anderson contracted Covid-19.

Anderson made only a conclusory assertion that Long was deliberately indifferent.  He did not allege that Long knew he had an auto-immune disease, nor did he allege that Long made a decision to specifically deny Anderson an individual cell.  Absent any such allegations, Anderson failed to state a constitutional violation, and Long was entitled to qualified immunity.

III

The district court's judgment is affirmed.  Anderson's motion to proceed on appeal without prepayment of costs or fees is granted.

Entered for the Court


Harris L Hartz
Circuit Judge