**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 3, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KRIS CHAPTER JACKSON,

    Plaintiff - Appellant,

v.

RHONDA K. MASON; STACY CRIST;
JOHNSON COUNTY, KANSAS
DISTRICT COURT; JANE DOE 1;
JANE DOE 2; DOE'S 3-50,

    Defendants - Appellees.

No. 24-3131
(D.C. No. 2:23-CV-02464-DDC-ADM)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HOLMES**, Chief Judge, **TYMKOVICH**, and **MORITZ**, Circuit Judges.

_____

Kris Jackson, proceeding pro se,[1] appeals the district court's dismissal of

claims she brought under 42 U.S.C. § 1983 against a state-court judge, Rhonda

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Ms. Jackson proceeds pro se, we construe her arguments liberally, but we "cannot take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

Mason; a court clerk and administrative assistant, Stacy Crist; the District Court of Johnson County, Kansas; and several unnamed defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## BACKGROUND[2]

Ms. Jackson filed a consumer fraud action in Johnson County. Judge Mason presided over that case, and Ms. Crist worked as Judge Mason's court clerk and administrative assistant. Beginning in September 2023, Judge Mason imposed filing restrictions on Ms. Jackson, and Ms. Crist informed Ms. Jackson about the filing restrictions. After the filing restrictions were imposed, Judge Mason and Ms. Crist refused to docket or otherwise hear and rule on some of Ms. Jackson's motions. Ms. Jackson alleged the filing restrictions amounted to discrimination and unconstitutionally violated her right to access the courts.

Ms. Jackson brought her § 1983 claims against Judge Mason, Ms. Crist, the Johnson County District Court, and multiple "Jane Doe" defendants. After she filed an amended complaint, the named defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing the amended complaint failed to state a claim upon which relief could be granted. The motion to dismiss also asserted sovereign immunity, which the district court construed as a challenge to its subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

---

[2] The facts we recite here are from Ms. Jackson's Amended Complaint, which we credit as true for purposes of analyzing a motion to dismiss under Fed. R. Civ. P. 12. *See Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

2

The district court granted the motion to dismiss, construing the amended complaint as stating three claims: "(1) a § 1983 claim against all defendants for violating [Ms. Jackson's] due process rights; (2) a § 1983 claim against all defendants for violating [Ms. Jackson's] equal protection rights; and (3) a state law negligence claim against all defendants." R. vol. 1 at 706–07. Construing the amended complaint as bringing only official-capacity claims against Judge Mason, the court dismissed the claims against her and the Johnson County District Court on the basis that both were entitled to sovereign immunity under the Eleventh Amendment. The court dismissed the official-capacity claims against Ms. Crist on the same basis and dismissed the individual-capacity claims against Ms. Crist because, as a court employee, she was entitled to quasi-judicial immunity for the actions Ms. Jackson complained of.

The court also concluded Ms. Jackson abandoned her state-law negligence claim by failing to respond to the argument in the motion to dismiss that she did not plead a breach of duty owed to her. And the court dismissed the remaining claims against the Doe defendants (after affording Ms. Jackson an additional ten days to show cause why it should not) for two reasons: (1) as pled, Jane Doe 1 and Jane Doe 2 were also entitled to quasi-judicial/sovereign immunity and (2) Ms. Jackson did not timely identify or serve the remaining Doe defendants.

This appeal followed.

3

## DISCUSSION

"We review de novo a district court's decision on a Rule 12(b)(6) motion for dismissal for failure to state a claim.  Under this standard, we must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff."  *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019) (italics, citation, and internal quotation marks omitted).  We likewise review de novo a district court's dismissal for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  *See Hennessey v. Univ. of Kan. Hosp. Auth.*, 53 F.4th 516, 527 (10th Cir. 2022).  "[A] complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  To meet this standard, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In her opening brief, Ms. Jackson lists between thirteen and eighteen[3] separate claims of error.  On closer examination, though, many of the arguments she raises are repetitive and unavailing.  We note at the outset two arguments she does *not* make: she does not dispute the district court's construction of her complaint as asserting three causes of action, nor does she challenge the court's dismissal of her state-law

---

[3] Specifically, the portion of Ms. Jackson's opening brief entitled "Statement of the Issues Presented," lists thirteen issues, *see* Aplt. Opening Br. at 13–14, but the portion entitled "Issues on Appeal – Legal Arguments" nominally includes eighteen, *see id.* at 21–57.

negligence claim and her claims against the Doe defendants. We therefore follow the district court's characterization of the amended complaint, and we affirm the dismissals of the negligence claim and of the Doe defendants because she has not sufficiently raised them on appeal. *See Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (noting that even where "scattered statements" in an appellant's argument suggest dissatisfaction with aspects of the district court's ruling, "such perfunctory complaints fail to frame and develop an issue sufficient to invoke appellate review.").

Liberally construed, Ms. Jackson advances five overarching arguments on appeal. First, she argues throughout her brief that the district court erred in ruling on defendants' immunity without first analyzing whether she adequately pled the violation of a clearly established constitutional right. *See* Aplt. Opening Br. at 21–30, 52–53. But while these considerations may be relevant to analyzing a defense of *qualified* immunity, *see Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1026 (10th Cir. 2015), the district court did not dismiss the amended complaint on this basis. Indeed, "neither Judge Mason nor [Ms.] Crist claimed to be free from liability based on qualified immunity." Resp. Br. at 21. The district court did not err when it declined to analyze Ms. Jackson's claims through a qualified immunity lens.

Second, Ms. Jackson argues the district court erred in dismissing her amended complaint without first allowing for limited discovery, a trial, or an adversarial hearing. But the district court dismissed Ms. Jackson's claims while assuming the

5

truth of all of her well-pleaded factual allegations, s*ee* R. vol. 1 at 705, so it did not err in declining to allow her to develop further evidence to prove them.

Third, citing a portion of the district court's order in which it "warn[ed] [Ms. Jackson] that her filings give the appearance of a prolific, frivolous, and vexatious litigant," *see* R. vol. 1 at 706, Ms. Jackson alleges the court erroneously "held [her] pleadings to a heightened pleading standard," Aplt. Opening Br. at 55 (capitalization omitted).  The district court's warning came only after it observed Ms. Jackson's briefing violated its rules limiting brief length, *see* D. Kan. R. 7.1(d)(3).  Although pro se, Ms. Jackson was still bound to "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).  And despite its discretion to limit or potentially even strike the non-compliant response to the motion to dismiss entirely, *see Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007) (characterizing district court page limits as "supervision of litigation" decisions subject to review only for abuse of discretion), the court nonetheless opted to consider her response in full.  *See* R. vol. 1 at 706.  We therefore do not fault the district court's admonishment to Ms. Jackson or how it construed her filings.

Fourth, Ms. Jackson argues the district court unfairly "construed [the named defendants'] 12(b)(6) motion into a 12(b)(1) motion without inviting [her] to oppose the 12(b)(1) before dismissal." Aplt. Opening Br. at 53 (capitalization omitted).  But Ms. Jackson had an opportunity to respond to the motion to dismiss, and she did so,

6

including extensive argument on the question of immunity.  *See, e.g.*, R. vol. 1 at 521–30.  Further, sovereign immunity implicated the subject-matter jurisdiction of the district court, *see Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urb. Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009), and the court had "an independent obligation to determine whether subject-matter jurisdiction exist[ed], even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  The decision to construe a portion of the motion to dismiss under Rule 12(b)(6) as one challenging subject-matter jurisdiction under Rule 12(b)(1) did not prejudice Ms. Jackson in any way.

Fifth, Ms. Jackson argues the district court erred when it concluded the exception to Eleventh Amendment immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908), did not save her claims from dismissal.  It is true *Ex Parte Young* provides a limited exception to Eleventh Amendment immunity for suits seeking "prospective injunctive relief to prevent a continuing violation of federal law." *Green v. Mansour*, 474 U.S. 64, 68 (1985).  So, if applicable, *Ex Parte Young* would shield from dismissal the portions of Ms. Jackson's claims requesting such prospective injunctive relief.

But even this limited exception is inapplicable here, because it "does not normally permit federal courts to issue injunctions against state-court judges or clerks." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).  The defendants against whom Ms. Jackson sought injunctive relief were a state-court judge (Judge Mason) and a state-court clerk (Ms. Crist).  *Ex Parte Young* expressly cautioned such

7

an injunction "would be a violation *of the whole scheme of our government*."

209 U.S. at 180.  The district court correctly concluded *Ex Parte Young* did not save

Ms. Jackson's suit.

## CONCLUSION

We affirm the judgment of the district court.


Entered for the Court


Jerome A. Holmes
Chief Judge